## G., H. & S. A. R'Y Co. v. LOUISA M. TAIT.

(Case No. 2016.)

1. DAMAGES — RAILWAY COMPANY. — The rainfall, which the formation of the earth's surface would cause to flow naturally on land alleged to have been damaged by a railway company, would form a lake on three acres of plaintiff's land. A railway company so constructed its ditch along its road-bed as to drain water from its natural course so as to increase the size of such lake to one covering thirty acres, and which separated the cultivated portion of the plaintiff's land from the portion where wood for domestic purposes was obtained, thereby causing it to be obtained only by going a circuitous way over the land of others. *Held:*

   (1) That the railway company was liable for such injury as results from flooding the land, by its ditches, with water, which otherwise would not flow upon it.

   (2) The fact that the ditch conducted the water into a branch, usually dry, and not on plaintiff's land, and through that branch it flowed to form the lake complained of, did not vary the case.

   (3) The facts that road ditches were skilfully constructed, and that the roadway and other lands over which the water would naturally flow were more fully protected by the construction of the ditch, so far from being a defense, are held an aggravation of the injury.

   (4) The question whether the ditches were constructed in a skilful manner is important only when the right to construct them so as to direct the water flow in a particular direction is shown to exist.

2. SAME — DAMAGES, MEASURE OF. — The suit was brought to recover damages to land and crops and for injuries resulting from inconvenience in getting access from one portion of the land to another, and for an injunction to prevent further injury. *Held:*

   (1) That a charge to the effect that "the proper criterion for ascertaining the damage would be the actual damage to the value of the land before the water was turned on it, and the reasonable worth or value of the land with the water so changed or turned on to the land, and in this way arriving at the actual damages sustained by the plaintiff," was error.

   (2) The facts being established that the natural water flow was diverted so as to result in injury, an injunction to prevent the continuance of the wrong should issue.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

*E. P. Hill*, for appellant, on the proposition that the road was liable only for such damage as resulted from a want of skill in constructing the ditch, cited: Bellinger *v.* New York Central R. Co., 23 N. Y., 42; Moyer *v.* New York Central R. Co., 88 N. Y., 351.

That the road had the right to drain the water to a natural water channel without reference to injury caused thereby to a lower proprietor, he cited: Cooley on Torts, p. 575; Pierce on Railroads, p. 205.

That the charge stated an erroneous standard by which to measure damages, he cited: Field on Damages, sec. 742.

*Foard & Thompson*, for appellee, cited: Secs. 866, 869, Wood's Law of Nuisances, and the cases cited in notes; Sedgwick on Damages, chap. 5, pp. 149 and 153 (6th ed.); Houser *v.* Hammon, 39 Barb. (N. Y.), 89; Monroe *v.* Stickney, 48 Me., 462; Miller *v.* Lambach, 49 Penn., 154.

STAYTON, ASSOCIATE JUSTICE.— The petition in this case avers, and the proof shows, that the appellant cut ditches along its railway, and from that across the land of another, through which the water that falls on a large area of country is led into a branch, not a running stream except during and immediately after rainfalls, through which it flows upon the land of appellee, thereby forming a lake which, after rains, covers about thirty acres of her land heretofore cultivated.

It appears that the water which would naturally flow through the branch upon the lands of the appellee would form a lake, after rains, covering about three acres of her land.

It clearly appears that the water which flows through the ditches made by appellant would not naturally flow upon the land of appellee.

The petition and proof show that the appellee's land is a long, narrow strip, the eastern portion of which is in cultivation, and the western portion thereof wood land, from which she is accustomed to obtain fire wood and other wood necessary to be used at her farm and house, which are situated on the eastern part of her land; and that the lake, formed by the water drained upon her land, cuts her tract in two, and renders it necessary for her to pass over the land of

others, and in a circuitous manner to go from one part of her land to the other.

It is claimed that the appellant is not liable for such injury as results to the appellee from the flooding of her land with water which would not flow upon it but for the artificial channels constructed by the appellant. This question was considered in the case of The Gulf, Colorado & Santa Fe R'y Co. v. Helsley, decided at the last Tyler Term, 5 Texas L. Rev., 331 [62 Tex., 593], and was decided adversely to the view urged by counsel in this case; and without further considering the question in this opinion, for the reasons given, and upon the authorities cited in that case, we hold that the facts stated and proved render the appellant liable for any damages sustained by the appellee.

The fact that the water was led into a dry branch by the ditches made by the appellant, and that through it the water was discharged on the land of the appellee, does not render it the less liable for such injury as results from the flowing upon the land of such water as would not naturally flow there, than it would be if such water flowed upon the land directly from a ditch constructed by it to the land of the appellee.

That the ditches may have been skilfully constructed, i. e., so constructed as to carry all the water freely and certainly to and upon the land of the appellee, and thus the roadway and other lands over which the water would naturally flow be protected more fully than this would be done were the water carried off on some different route or in some different manner, instead of being an excuse or justification is but an aggravation of the injury; for the more perfect the ditches are, in this respect, the greater must be the flow of water upon the land of the appellee, and the greater the damage done to her.

The question whether due care and skill have been exercised, in cases of this character, becomes important only where the right to do the thing in a proper manner is shown to exist.

No right whatever is shown in the railway company to empty water from its ditches upon the land of the appellee, which without the ditches would not naturally flow there.

This action, however, was not brought to recover the value of land, in a legal sense, taken from the owner by the railway company, but to recover damages resulting to the appellee from injuries done to her land and crops, and for injuries resulting from the inconveniences to which she had been put by access to all parts

of her land being rendered difficult. She also sought, on final hearing, to have the appellant restrained from continuing, through its ditches, to discharge water upon her land which would not otherwise flow there.

This being the nature of the action, the charge given was not applicable to the case, and should not have been given.

The charge given was as follows:

"If the jury find that plaintiff has been damaged, the proper criterion for ascertaining the damage would be the actual damage to the value of the land, placing the reasonable worth or value of the land before the water was turned on it and the reasonable worth or value of the land with the water so changed and turned on to the land, and in this way arriving at the actual damages sustained by plaintiff."

A similar charge, in an action like this, was considered and held to be erroneous in the case of G., C. & S. F. R'y Co. v. Helsley, before cited, in which reference to the case of Van Pelt v. City of Davenport, 42 Iowa, 314, was made.

The measure of damages in this case would be as stated in the case first above cited.

Neither the charge given nor the evidence offered were such as to enable the jury to ascertain the true amount of damages the appellee would be entitled to recover.

The evidence was based on the idea that the facts out of which the injuries grew were to continue, and the land practically taken for the use of the railway company. It went to show the value of the entire tract before the water was thrown upon it, and its value afterwards.

The petition sought damages for injuries already received, and sought relief through which the continuance of the causes which had produced the injuries would be prevented; but the charge of the court and the evidence looked to a case in which the causes of injury were to continue.

The charge of the court will require a reversal of the judgment, and upon another trial such a charge should be given as will enable the jury to properly estimate the damage in accordance with the case made by the petition and the proof which may properly be admitted under it.

If the case made by the petition is proved on another trial, the appellee will be entitled to the injunction sought in her petition, unless the appellant, in some lawful manner, acquires the right to

use the land in the future, as, without right, the petition alleges it has done in the past.  Hicks *v.* Silliman, 93 Ill., 255; Haskill *v.* New Bedford, 108 Mass., 208; Harrington *v.* St. P. & S. C. R. Co., 17 Minn., 217; High on Injunctions. 740, 751, 809, 852.

REVERSED AND REMANDED.

[Opinion delivered February 10, 1885.]