### G., H. & S. A. R'y Co. v. T. B. Bibb.

· (No. 3804.) ·

APPEAL from Val Verde County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

P. H. WARD, counsel for appellant.

No counsel appeared for appellee.

§ 272. *Damage to land by diverting surface water upon it; measure of; case stated.* Appellee recovered judgment against appellant for $1,000 damages for negligently and unskilfully constructing its road-bed, so as to cause his land to be overflowed by surface water, thereby destroying his growing crops and injuring his land. *Held:* The charge of the court was materially erroneous as to the measure of damages. In such case, the true measure of damages is the injury which the land and other property sustains from the successive overflows when they occur. In such case, the rule that the difference between the market value of the land immediately before and immediately after the injury complained of is the

measure of damage, is not the correct one. [R'y Co. v. Helsley, 62 Tex. 593; R'y Co. v. Tait, 63 Tex. 223; R. R. Co. v. Johnson, 6 Tex. Law Rev. 86.] As announced in the above cited cases, the rule is apparently in conflict with the decisions of this court. [W. & W. Con. Rep. § 445; 2 W. Con. Rep. §§ 288, 489, 662.] Upon close examination of the cases, however, there is no conflict between the decisions of the supreme court and of this court upon this subject. When the injury to the land is permanent, the true measure of damage is that stated by this court in the cases above cited, that is, the difference between the market value of the land before and after the injury. When the injury is not permanent, the true measure of damage is that stated by our supreme court in the cases above cited.

March 3, 1887.          Reversed and remanded.