### VAN PELT v. THE CITY OF DAVENPORT.

1. **Municipal Corporations:** LIABILITY OF: NEGLIGENCE. A city is not released from liability for negligence in the construction of a culvert within its limits, by the fact that the money for its construction was appropriated by the board of supervisors of the county.

2. ———: LIABILITY FOR ACTS OF OFFICER. Where a city has employed a competent engineer in the construction of a culvert, and he in the honest exercise of his judgment has failed to make it of sufficient capacity to avoid injury to property, the city is not liable for the injurious results of his error in judgment.

3. ———: NEGLIGENCE: DEFECTIVE CULVERT. The city is, nevertheless, bound to the exercise of reasonable care, judgment and skill in the construction of culverts rendered necessary by the extension of its streets, and, upon a failure to exercise them, liability attaches.

4. ———: ———. One who could have protected his property from injury by a reasonable expenditure, cannot recover from another, by whose negligence he has suffered the injury, more than the amount which would have been expended to secure such protection.

5. ———: DEFECTIVE CULVERT: MEASURE OF DAMAGES. The measure of damages, in an action against a city for injury to property alleged to be damaged by an overflow of water caused by a negligently constructed culvert, is the actual damages sustained by the property from the overflow, at the time of its occurrence.

*Appeal from Scott Circuit Court.*

WEDNESDAY, DECEMBER 29.

THE petition in substance alleges that in the year 1871 the defendant, a duly incorporated city, constructed a culvert on Case street, near the plaintiff's premises, in such a careless and improper manner that it obstructed the flow of a natural stream of water running near plaintiff's premises, and caused large quantities of water to be discharged thereon, damaging and depreciating his property to the extent of $500.

The answer admits the making of the culvert described, but denies that it was constructed in a careless manner, and denies the other allegations of the petition.

The answer further alleges that, in 1871, in the judgment

of the proper officers of defendant, it became necessary to establish the grade of Case street, and to construct a culvert across a drain for surface water flowing over that part of said street, near plaintiff's premises. That said grade and culvert were, in the judgment of the constituted authorities, established and built in a proper manner, and that if the property of plaintiff has been injured, it was without the fault or wrong of defendant, and on account of his own fault in not bringing his lot to a proper grade.

Afterward the defendant filed an amendment to its answer as follows: "That the culvert referred to in plaintiff's petition was built under an appropriation made by the board of supervisors of Scott county, Iowa, and was alone paid for by the county of Scott. That said Scott county, through its proper officers, directed the building of said culvert, and appropriated the money therefor, and that said defendant, or its engineers, in building said culvert acted for and as the agent of said Scott county, and that said culvert was not in fact built or paid for by said defendant, but that said defendant acted alone for said county.

A demurrer to this amendment was sustained.

The evidence shows that the city of Davenport projected one of its streets across a ravine with banks on each side four or five feet high, and for the purpose of allowing the passage of the water accumulating in the ravine, the city constructed the culvert in question, which is sixty feet long, and has a capacity of three by six feet. This ravine drains a large surface; it has always been the natural place for the surface water to run, and after rains the water flows through it for several days. It empties into the Mississippi River a few hundred feet south of the culvert. The ravine originally ran close to the edge of plaintiff's lot, but when the culvert was constructed the channel of the ravine was removed about thirty feet, improving the appearance of the lot. A portion of plaintiff's lot is about eighteen inches below the established grade of the city. The culvert is not sufficient to carry off the water that comes down in a heavy rain. The engineer of the city who drew the plans for the culvert believed it would

be large enough to carry off all the water that would come down the ravine.

There was evidence tending to show that if plaintiff's lot was brought to grade, a wall or rip-rap sufficient to protect it from overflow and damage could be constructed for $25.00.

There was a jury trial and a verdict and judgment for plaintiff for $350. Defendant appeals.

*H. M. Martin*, for appellant.

A municipal corporation is not responsible for the mistakes or want of care and skill of the city surveyor or engineer when he performs duties (though the performance be regulated by ordinance) for private individuals. (Dill. on Corp., § 770.) Nor is it liable to an action for consequential damages to private property, when the act complained of was done by its officers, under authority conferred by legislation, and there has been no want of reasonable care or skill in the execution of the power. (Dill. on Corp., § 781.) It is a judicial act on the part of the city officers to determine the kind and capacity of a culvert to be erected, and, if they err in judgment, the city is not responsible. (*Mills v. Brooklyn*, 32 N. Y., 489; *Wilson v. Mayor of New York*, 1 Denio, 595; *Cole v. Medina*, 27 Barb., 218; *Cavanah v. Brooklyn*, 38 Id., 232; *Hudson v. New York*, 5 Seld., 163; *McCarthy v. Syracuse*, 46 N. Y., 194; *Child v. Boston*, 4 Allen, 41; *Judge v. Meriden*, 38 Conn., 90.) An action will only lie for the careless *manner* of doing the act (building an embankment), not for the act itself. (*Slatten v. D. V. R. Co.*, 29 Iowa, 148.) Cities can change the grade of streets, and, if it is not done in a negligent or unskillful manner, will not be liable for consequential damages. (*Russell v. Davenport*, 29 Iowa, 162; Dill. on Corp., § 782.) If defendant is liable at all, it must be only for the actual damage suffered from the time of building the culvert to the time of commencing the action. (*Close v. Samm*, 27 Iowa, 503; Sedg. on Dam., §§ 105, 109.)

*Rose & Benson*, for appellee.

The fee simple of streets is in the city, and the culvert

when built is its property. (*Hughes v. M. & M. R. Co.*, 12 Iowa, 261.) The building of the culvert was a corporate duty and the city is liable for the negligence of its officers in its construction. (Dill. on Mun. Corp., § 772–8; *Mayor, etc., v. Bailey*, 2 Denio, 443.) The difference between the value of plaintiff's premises before and after building the culvert is the measure of damages. (*Henry v. D. & P. R. Co.*, 2 Iowa, 288; *Dalzell v. Davenport*, 12 Id., 437; *Hausse v. Hammond*, 39 Barb., 89.) The depreciated value, not the cost of rebuilding, is the measure of damages. (*McGuire v. Grant*, 1 Dutch., 356; Sedg. on Dam., p. 143; *Haskins v. Phillips*, 3 Exch., 168.)

DAY, J.—I. There was no error in sustaining the demurrer to the amendment to defendant's answer. It is not denied 1. MUNICIPAL that the culvert in question is within the corporate limits of the city, and was built under the negligence. direction of the officers of, and belongs to the city. The mere fact that the board of supervisors of Scott county appropriated the money to pay for the structure, does not exonerate the defendant from liability for negligence or carelessness in its construction. The owner of premises is liable for any nuisance erected thereon, upon the ground that he is bound to control and use his property in such manner as not to produce injury to others. *The Mayor of New York v. Bailey*, 2 Denio, 433.

II. The defendant asked the court to instruct the jury as follows:

2. "In constructing the culvert the defendant was only required to use reasonable care; such care as a prudent man would use under like circumstances in reference 2.———: liability for to his own property. If you, therefore, find that acts of offi- cers. the city had an engineer who was competent to take charge of such work, and that the size of the culvert, was left to him and that he honestly believed, in drafting the plans for the culvert, that he was making it large enough, then, even if he were mistaken, the defendant is not respon- sible for his mistake, and the plaintiff cannot recover." The

refusal of the court to give this instruction is assigned as error.

Taken together it announces a correct rule of law and should have been given. The city can not be held liable unless for some neglect or omission of duty or negligence in its performance. It is not claimed that the culvert was out of repair, nor that it was in any way defective in construction, except that it was too small to admit of the passage of the surface water which accumulated in the ravine in consequence of unusually heavy showers. As the city must act through the agency of others, it was its duty to select a competent engineer. When such selection is made, the city has in that regard discharged its duty, and no direct negligence or omission is attributable to it. If a competent engineer acts in good faith in drafting the plans of a culvert, and honestly believes that he is making it large enough to accomplish the desired purpose, then no negligence of the servant is attributable to the principals.

If he is sufficiently competent and makes a mistake after the honest exercise of his best judgment, it is such mistake as is inseparable from human action. The making of such mistake cannot be attributed to negligence, for negligence is the failure to exercise ordinary care. If, then, the city can be held responsible for the consequences of such mistakes, it is bound at its peril to secure what is impossible, absolute perfection in its servants and agents.

In *The Rochester White Lead Company v. The City of Rochester*, 3 Comstock, 473, the defendant was held liable for injuries resulting from an insufficient culvert built for the purpose of conducting the water of a small natural stream, which had previously been the outlet through which the surface water of a portion of the city had been carried off, and which, because of its want of capacity and the unskillfulness of its construction, failed to discharge the waters which accumulated by a freshet, so that they were set back upon the property of plaintiff. But in that case it was shown that the engineer was incompetent and the culvert was improperly constructed.

III.   It is urged that the defendant can in no event be held liable for the want of capacity of the culvert, and the court was asked in substance so to instruct the jury. It is claimed that, to decide the kind and capacity of a culvert is a judicial act, and that an error in judgment is in the nature of a judicial error for which the corporation cannot be held liable.

3. ——: negligence.

We have already seen that, for a mere mistake, notwithstanding the exercise of reasonable prudence and care, and the possession and exercise of competent skill on the part of its agents, the city is not liable.   But this position of defendant goes much further and discharges the city absolutely from liability because of the alleged judicial nature of the act it is called upon to perform, notwithstanding the failure to possess and employ reasonable judgment and skill.

In support of this view, counsel cite *Mills v. The City of Brooklyn*, 32 N. Y., 489.   In that case it was held that the city was not responsible for a want of judgment in devising a system of sewerage; and that the duty was of a judicial nature, requiring deliberation and judgment.   In that case it was laid down as a very clear proposition that if no sewer had been constructed at the locality referred to, an action would not lie against the corporation, and it was said that the plaintiff's premises were in no worse condition from the construction of an insufficient sewer than if none had been made.

This case involves different principles.   By projecting its street across the ravine the defendant rendered necessary the construction of a culvert to admit of the discharge of accumulating surface water. . Before the street was extended the water in this ravine passed freely and unobstructedly and without damage to plaintiff's property.   As the improvement made by the city created a necessity for a culvert, which the city could not neglect to construct without being derelict in its duty, it was incumbent upon it to exercise reasonable care, judgment and skill in its construction.   *Ellis v. Iowa City*, 29 Iowa, 229; *City of McGregor v. Boyle*, 34 Iowa, 268.

IV.   There was evidence tending to show that if plaintiff had raised his lot to grade, a wall or rip rap suf-

4. ——: ——.

ficient for its protection against damage could have been built for twenty-five dollars. The defendant asked the court to instruct as follows: "The law makes it the duty of all persons to protect their own property from damages, if they can do so by ordinary efforts, and they can charge the delinquent party for such expense and efforts only. Hence, the court instructs you that if you find that the plaintiff at a reasonable expense could have protected his property by building what the witnesses call a rip rap or wall, and he has failed to do so, then all he can recover as damages will be the cost of such rip rap or wall." The refusal to give this instruction is assigned as error. That it should have been given, see *Simpson v. Simpson*, 34 Iowa, 568.

V. The court in substance instructed the jury that if plaintiff was entitled to recover, the measure of his damages would be the difference in the value of the lot immediately before and immediately after the grading of the street and the construction of the culvert. This instruction is erroneous. The rule announced by the court is the proper one when the act complained of takes a part of or effects a change in the realty itself, which is the subject of controversy. In this case no part of the lot was taken, nor was any change wrought upon it. The ravine was removed thirty feet from the lot, which all the testimony shows greatly improved its appearance. The only detriment which the lot sustains is in its liability to overflow from unusually heavy rains. The true measure of damage is the injury which the lot, buildings and other property of plaintiff sustains from the successive overflows when they occur, unless it should appear that by reasonable expenditure and precaution he could have guarded against injury.

5. ———: defective culvert: measure of damages.

VI. It is urged that the instructions are not excepted to in such manner that the errors assigned upon them can be reviewed. That case establishes the rule which applies under section 2789 of the Code, where the exceptions are not taken at the time the instructions are given, but within three days after verdict. The abstract in this case shows that the instructions complained of were excepted to at the time they

were given. The exception is, therefore, governed by section 2787 of the Code, which provides that it may be without any stated reason therefor.

The foregoing discussion presents our views upon all the questions which will probably arise upon the re-trial. It follows that the judgment must be

REVERSED.