## CORNISH v. THE C., B. &. Q. R. CO.

1. **Evidence:** NEGLIGENCE: HEARSAY. Upon an issue of negligence in the construction of a work it is not competent for the engineer in charge to testify that in the opinion of other engineers his work was sufficient and suited to its purpose.

2. **Railroad:** DAMAGES: RAINFALL. A railway company is bound to maintain its roadways in such condition as to permit the passage of an amount of surface water produced by an ordinary rainfall, or one which is likely to occur in the climate and country where it is located.

3. **New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence, unless it appears to the court that a different result from that of the former trial may be reasonably apprehended.

*Appeal from Fremont District Court.*

THURSDAY, OCTOBER 24.

THE plaintiff owns and occupies as a residence certain lots in the town of Hamburg. The defendant is the lessee or owner of a railroad running through that town. In the summer of 1875 rain-storms occurred, and the plaintiff's premises were overflowed and his property damaged. He claims the overflow was caused by the negligent and improper construction of the embankments of the road, in that sufficient waterways were not provided. The defendant denies all negligence in that respect. Other facts appear in the opinion. There was a trial by jury and verdict for the plaintiff. Defendant appeals.

*Hepburn & Thummel,* for appellant.

*Cornish & Draper* and *F. W. Lehmann,* for appellee.

SEEVERS, J.—I. The defendant introduced as a witness an engineer, shown to be a person of skill and experience in his

**1. EVIDENCE: negligence: hearsay.** profession, under whose directions the water-ways were constructed. He testified that he was acquainted with the topography of the country, and was of the opinion the water-ways were sufficient. He was then asked a question in these words: "State if you know of other engineers of previous experience concurring in the opinion that the water-ways in that road were sufficient." This question was objected to by the plaintiff, and the objection sustained.

Counsel for appellant contend, if we understand them, that the question is not as to whether the water-ways have proved sufficient, but whether the defendant's engineer had reasonable grounds to believe they were sufficient at the time they were constructed. Taking this to be the question, they further contend that the engineer had such grounds, and that one of them was, that other engineers expressed an opinion that they were sufficient. If this is not hearsay evidence it is because the mere expression of opinion by the other engineer is a fact proper to be shown in defense, regardless of the question as to whether the opinion was right or wrong. The rule contended for appears to be, that a person who has been employed and paid to execute a piece of work may show that he executed it with reasonable care and skill by showing that he acted in accordance with the advice of other persons, skilled in the same line of work, but who were charged with no responsibility concerning it. Such, we think, is not the law, and in excluding the offered testimony there was no error.

II. The court instructed the jury as follows:

"2. A railway company, in constructing and maintaining its railways, is required to use reasonable diligence to prevent injuries to neighboring proprietors, of the kind of those complained of by plaintiff. The degree of diligence to which it is held in this respect requires it to so construct and maintain its roadways as to admit the passage of the surface water. It, however, has performed this duty when it has constructed its roadways in such manner as to admit the amount of sur-

face water which ordinarily flows by or over the ground over which it constructs its roads, and so maintains them. It is not required to contemplate or provide against the occurrence of events which do not happen in the ordinary course of nature. The question, then, which you are to determine in connection with this branch of the case, is whether the defendant maintained the tracks or embankments of its railway in such condition as to prevent the passage of such amount of surface water as is caused by the ordinary rainfall of this country. The burden of proof that is with the plaintiff requires him to establish that defendant did not so maintain its track and embankment. If he has established this fact he has shown such degree of negligence on the part of defendant as would render it liable, if the other facts were established which you have been told must be established by plaintiff in making out the case."

"4. By the ordinary rainfall and the ordinary flow of surface water I mean such fall of rain as is liable to occur in the ordinary course of nature in this climate and country, and such flow of surface water as would be caused thereby."

No question is made as to the correctness of these instructions, but that, under the evidence and law announced in the instructions, the verdict should have been for the defendant. The evidence, without conflict, showed that the plaintiff's premises were inundated three different times during the summer of 1875. The flow of water was caused by three rainstorms, occurring within the period of three months.

The witnesses unite in designating these storms and rainfall to be extraordinary. Without doubt the storms were unusual, and the rainfall was something more than of an ordinary character.

An ordinary rainfall, as defined by the court, is such "as is liable to occur in the ordinary course of nature in this climate and country." This definition includes such unusual storms as occasionally occur. They are extraordinary because they do not ordinarily occur. It is well known, however, such

rainfalls are liable to occur, and all such are clearly within the rule laid down by the court, whether they be called ordinary or extraordinary. The evidence, we think, sustains the verdict and accords with the instructions of the court.

III.    There was evidence tending to show that an adjoining proprietor had erected a dam whereby the flow of the water was somewhat changed, and in reference thereto the court instructed the jury, in substance, that if the improvements made by such proprietors upon their own premises rendered the passage-ways insufficient, it was the duty of defendant, upon notice of such improvements, to make such changes in the water-ways as would permit the flow of the water.

The evidence showed, without conflict, that the water, after the erection of the dam, flowed through a different channel from what it had previously, but that, notwithstanding this fact, it passed through the same water-way it had before the erection of the dam, and there was no evidence tending to show that the flow of the water was in any manner obstructed by the change of the channel.

Conceding the instruction to have been erroneous, it will be readily seen it was error without prejudice.

IV.    The defendant moved the court to grant a new trial, because of certain newly discovered testimony. On the trial 3. NEW trial: one Cameron was a witness for the defendant, and newly discovered evidence. testified he was the engineer under whose supervision the water-ways had been constructed, and his affidavit was filed stating that since the trial he had taken the level of the plaintiff's door-sill and the top of the railroad track, and that the former was higher than the latter. This witness is corroborated by the testimony or affidavit of another person who was present when the level was taken. In opposition to these affidavits the plaintiff filed the affidavits of some twenty persons stating they had examined the premises, and that the water was in fact over the door-sill, and it did not overflow the railroad track, which was "from nine to twelve inches higher than plaintiff's floor."

A new trial will not be ordered unless it is shown, or probably appears to the court, that a different result might be reasonably.expected. In view of the showing made it cannot be said such a result was likely to occur. But the contrary fairly appears.

But no reason is 'shown why this testimony was not procured and introduced at the trial. The survey could have been made just as well before as afterward. It would naturally occur, it seems to us, to the defendant that the respective heights of plaintiff's door-sill, floor and the embankment might become material. That the plaintiff intended to claim the water covered at least a portion of his floor clearly appeared from the petition. The defendant should have been prepared to meet such claim, and unless prevented from procuring the testimony by accident, misfortune, or some casualty which could not, with reasonable diligence, be guarded against, the defendant cannot now be heard to complain.

Having considered all the errors assigned which have been argued by counsel, the judgment of the District Court must be

AFFIRMED.