## PARKER & Co. v. THE CITY OF DES MOINES.

1. **Instruction:** MUNICIPAL CORPORATIONS: EVIDENCE. Instructions relating to the liability of a city for negligence, the weight to be given evidence, and the credibility of witnesses, considered.

### Appeal from Polk Circuit Court.

### THURSDAY, JUNE 10.

THE defendant caused to be constructed a sewer, which, the plaintiffs claim, was insufficient to carry off the surface water, and because of the negligent construction of the sewer water flowed into the plaintiffs' cellar, causing the damages sought to be recovered in this action. Trial by jury; verdict and judgment for the plaintiffs, and the defendant appeals.

*Bryan & Bryan*, for appellant.

*L. G. Bannister*, for appellee.

SEEVERS, J.—I. The defendant asked the court to instruct the jury as follows:

" In constructing the culverts and sewers and gutters in question, the defendant was only required to use ordinary care; such as a prudent man would use, under like circumstances, in reference to his own property. If you, therefore, find that the city had an engineer competent to take charge of such work, and that he planned the sewers, gutters and culverts, and that he honestly believed that they were of sufficient capacity to carry off the water, then, even if he was mistaken, the defendant is not responsible for his mistake, and plaintiff cannot recover in this action."

This instruction was refused, as we think, correctly, because there was no evidence to support it. In this respect, the case at bar is distinguishable from *Van Pelt v. The City of Davenport*, 42 Iowa,.308.

There was evidence tending to show that the city had an engineer, but there was no evidence that he was competent to perform the duties of his office, or that the gutter in question was laid out, or constructed, under his direction, or that he believed it would be sufficient for the purpose intended.

II. The court instructed the jury that they were "the judges of the weight to be given to the evidence of each witness, and in determining the same it is proper for the jury to consider the interest of any witness in the event of the suit, the means of knowledge of any witness in regard to matters about which he gives evidence."

This instruction is said to be erroneous, because it does not go far enough, and that the jury should have been informed that "bias, strength of memory, manner on the stand," would affect the credibility of a witness. These objections are not well taken. The instruction was not applicable to the evidence, and there is nothing in the record tending to show there was any necessity for calling the attention of the jury to the tests of credibility to any greater extent than was done.

The court in substance instructed the jury that the defendant was liable, if it did not exercise reasonable care and diligence in the construction of the improvement. This is said to have been erroneous, because the court failed to "explain what diligence was required." We think this objection is not well taken.

The court instructed the jury the defendant was not liable if the damage was caused "by extraordinary floods, which ordinary prudence and foresight could not avert."

It is urged the verdict is contrary to this instruction. But it is not so manifestly against the evidence as to justify us in interfering with the verdict.

AFFIRMED.