NOE v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY
COMPANY.

1. **Railroads :** OBSTRUCTION OF RIVER : EFFECTS : EVIDENCE. In an
action for damages to plaintiff's land caused by the increase of the
overflow of a river on account of its obstruction by defendant's
embankment, the estimates made by farmers and others residing
in the vicinity, as to the quantity of water which flowed through
the side channels and the main channel in times of freshet, and
why the water was higher above the embankment than below it
after the acts complained of were done, were not incompetent as
evidence, on the ground that they were in the nature of opinions
and speculations,

2. **The Same.** In such case, where the embankments were regarded
as permanent structures, and the damages as entire, it was com-
petent for plaintiff's witnesses, in giving their estimates of the
value of his land before and after the acts complained of, to state
that the land, after being flooded, became baked, and broke up in
clods, and was foul with weeds,—not as a distinct element of
damages, but as showing the effect of the overflow upon the land

3. **Instructions :** NOT WARRANTED BY THE EVIDENCE. Instructions
not warranted by the evidence are properly refused when asked.

4. **Railroads :** OBSTRUCTION OF WATERS OF RIVER : FILLING UP
TRESTLE-WORK. A railroad company has no right to fill up trestle-
work away from the main channel of a river which it crosses with
its track by a bridge, if in so doing the overflow on the land above
is increased, to the damage of the owner, in times of freshet.
(*Sullens v. Chicago, R. I. & P. Ry. Co.*, 74 Iowa, 659, and *Moore
v. Chicago, B. & Q. Ry. Co.*, 75 Iowa, 263, *followed*.)

*Appeal from Marion District Court.*—HON. O. B.
AYRES, Judge.

FILED, DECEMBER 21, 1888.

ACTION at law to recover damages to certain lands
by reason of back-water and overflow caused, as it is
alleged, by embankments and an insufficient passage-
way for the water of the South river, and by making

certain changes in the channel of said stream. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Stone & Gamble* and *T. B. Perry*, for appellant.

*L. O. Blanchard* and *Hays Bros.*, for appellee.

ROTHROCK, J.—In the year 1879 the defendant constructed its railroad from Albia to Des Moines via Knoxville,. It was necessary to build the road across South river, a considerable stream, which flows from the south in a northward direction, and empties into the Des Moines river at a point about three-fourths of a mile from the railroad. South river bottom is about two miles wide, and when the road was built a bridge was erected over South river, and trestle-work was constructed for some distance on each side of the main channel of the stream. There were two side channels to the stream, through which water flowed in times of freshets. The defendant erected pile bridges or structures over these side channels. There does not appear to have been any complaint made by landowners as to the want of sufficient openings in the railroad for the passage of the water until the year 1883. In that year the defendant closed up the trestle-work over the side channels by solid earth embankments, riprapped with stone. In the same year the defendant made a cut-off, or new channel, for the river, by which the main channel was shortened about one mile. This cut-off was on the south side of the railroad, and the object in making it was to shorten the line of the stream. The plaintiff's land is on the south side of and up the stream from the railroad. It is claimed by plaintiff that by making the two embankments and the cut-off his lands have been and now are liable to a much greater overflow than they were before, and that he is thereby damaged. The evidence introduced upon the trial consisted of the testimony of two civil engineers, one in behalf of each party, and each of the parties

examined as witnesses quite a number of persons who had resided for years in the vicinity of the river, and who stated the effects which they had observed as to the back-water and overflow made by the acts complained of by plaintiff. An examination of all the evidence leaves no doubt that the jury was warranted in finding that the embankments and cut-off complained of increased the overflow and back-water on the plaintiff's land. The verdict cannot, therefore, be disturbed upon the ground that it is not supported by the evidence.

I. A great many exceptions were taken by the defendant to the rulings of the court upon the admission and exclusion of evidence. One class of evidence, which was objected to, and which is now claimed to have been incompetent, is the estimate made by farmers and others residing in the vicinity as to the quantity of water which flowed through the side channels and the main channel in times of freshet in the river, and why the water was higher on the south side of the railroad embankment than it was on the north side, after the acts complained of were done. All of this class of evidence is claimed to be in the nature of opinions and speculation. We do not so regard it. They were statements of fact by persons who were upon the ground when the waters were at the flood, based upon their observation of the actual condition of the stream and its effect upon the lands upon the south side of the railroad.

1. RAILROADS; obstruction of river: effects: evidence.

The embankments and cut-off complained of were in the nature of permanent structures, and the case was tried upon the theory that the damages were entire. The witnesses gave their estimate of the value of the plaintiff's land before and after the embankments and cut-off were made. In giving their estimate the plaintiff's witnesses testified that the land, after being flooded, became baked, and broke up in clods and chunks, and was foul with weeds. This evidence was objected to as speculative, and not a proper element of damages. We

THE SAME.

think there was no valid objection to the evidence. It was not regarded as a distinct element of damages. It was perfectly proper as showing the effect of an over-flow of water upon the land. Many other objections were made to the rulings of the court upon the evidence. After a careful examination of them, our conclusion is that they are not well taken, and we do not think they are of such a character as to demand special consideration in this opinion. It appears to us that the rulings of the court ought not to be the subject of complaint. They were manifestly fair to the parties.

II. The court, in its charge to the jury, covered every material question in the case, and we think there can be no well-grounded objection to any part of it. The defendant asked a number of instructions, which were refused. The substance of nearly all of these requests was embodied in the charge given by the court, excepting one. It is claimed that this instruction should have been given. It was to the effect that, if the area under the South river bridge, and trestle-work extending west of it, is of sufficient capacity to admit the passage of all the waters of the stream on all occasions, the same as before the fills were made, and channels cut, except in times of extraordinary freshets, the plaintiff cannot recover. The instruction was correctly refused, because all of the evidence showed that the freshets which caused the increased over-flow upon which the witnesses base their estimates of damages were not shown to have been extraordinary nor unprecedented. They were such freshets as were in the ordinary course of nature to be expected in that stream.

*3. Instructions: not warranted by the evidence.*

III. It is claimed that the obstructions complained of did not impede the natural flow of water in the channel of South river, and that the plaintiff cannot recover for overflow from mere surface water. This question has recently been considered by this court in the cases of *Sullens v. Chicago, R. I. & P. Ry. Co.*, 74 Iowa, 659, and *Moore v. Chicago, B. & Q. Ry. Co.*, 75 Iowa, 263.

*4. Railroads: obstruction of waters of river: filling up trestle-work.*

In the last-named case the facts, though not identical, are practically the same as in the case at bar. We held that the defendant had not the right to fill up trestle-work away from the main channel of the river, if by so doing the overflow would be increased on the plaintiff's land, to his damage, in times of freshet. We are content with the rule adopted in the cited cases. We discover no good reason for disturbing the judgment of the district court. AFFIRMED.