James Houghtaling v. Chicago Great Western Railway Company, Appellant.

**Damage from Water:** INSUFFICIENT RAILROAD CULVERT: *Liability of railroad.* A railroad company is liable for damages sustained by a land owner during a flood from back water caused by an insufficient culvert, where the evidence tended to show that the flood was due to a heavy, but not unprecedented, rainfall.

SKILL OF CONSTRUCTING ENGINEER AS A DEFENSE. It is no defense to a railroad company, in an action for damages caused by high water flowing over plaintiff's land by reason of an insufficient culvert over a stream, that the culvert was erected according to plans of skillful and competent engineers employed by the company, since it is not the danger which a competent and skillful engineer does in fact anticipate, but that which, in the reasonable exercise of his skill, he ought to have anticipated, which the company is bound to provide for.

FRESHET NO DEFENSE: *Unless extraordinary and unprecedented.* In an action for repulsion of the flow of a watercourse by an insufficient culvert, an instruction that defendant was not liable for the result of the clogging of the culvert by debris likely to be carried down by the stream during a freshet was properly refused where the freshet was not limited to an extraordinary and unprecedented one.

EVIDENCE OF DEFECTIVE CONSTRUCTION. In an action for repulsion of the flow of a watercourse by an insufficient railroad culvert, evidence as to the length of defendant's trestlework over the

stream before the construction of the culvert was competent as tending to show that the opening for the passage of water had been restricted by the culvert.

**Evidence:** *Value of thing without market value.* In an action for damages to clothing and furniture having no market value, any witness familiar with its nature and use is competent to testify as to its value.

*Of malice and willfulness.* Where, in an action for repulsion of the flow of a watercourse, it was claimed that defendant's act in erecting an insufficient culvert was willful and malicious, a written notice of such insufficiency, delivered to defendant before the culvert was completed, signed by various property owners, advising defendant that the structure as planned would be insufficient, was admissible.

*Appeal from Black Hawk District Court.*—HON. F. C. PLATT, Judge.

MONDAY, OCTOBER 13, 1902.

ACTION to recover damages to plaintiff's property from flooding by water which was backed up in a stream by rea- son of the insufficiency of a culvert built by defendant over the stream in the construction of its railroad.   Verdict and judgment for plaintiff.   Defendant appeals.—*Affirmed.*

*Miller & Williams* for appellant.

*W. A. Graham* and *J. T. Sullivan* for appellee.

McCLAIN, J.—The duty of the railroad company in constructing its road when it crosses a stream is to provide a passageway for the water reasonably sufficient to allow it to flow through without being backed up so as to cause damage to property. *Sullens v. Railway Co.*, 74 Iowa, 659; *Willitts v. Railway Co.*, 88 Iowa, 281; *Noe v. Railway Co.*, 76 Iowa, 360. It is not bound to provide for unprecedented floods, but must anticipate and make provision for such floods as may occur in the ordinary course of nature. It must foresee and provide

for unusual storms, such as occasionally occur, whether they be called ordinary or extraordinary. *Cornish v. Railroad Co.*, 49 Iowa, 378; *Sullens v. Railway Co., supra.* But the railroad company is not guilty of· negligence in failing to provide for a flood which is not only extraordinary, but unprecedented, and could not reasonably have been foreseen. *Baltimore & O. R. Co. v. Sulphur Spring Independent School Dist.*, 96 Pa. St. 65 (42 Am. Rep. 529); *Libby v. Railroad Co.*, 85 Me. 34 (26 Atl. Rep. 943, 20 L. R. A. 812); *Missouri, K. & T. Railroad Co. v. Davidson*, — Tex. Civ. App. — (60 S. W. Rep. 278). And see *Damour v. City of Lyons* 44 Iowa, 276; *German Theological School v. City of Dubuque*, 64 Iowa, 736. There was evidence that the flood which resulted in the damage in question was due to a heavy, but not unprecedented, rainfall, and therefore the verdict must be sustained, unless there was error in the admission of evidence or in the instructions of the court. Defendant introduced evidence that in the construction of the culvert in question it acted upon the advice of competent and skillful engineers, and asked instructions to the effect that, having done so, it was not responsible for any damages due to insufficiency of the culvert. But this is not the rule governing the liability of railroad companies in such cases. The engineers whose judgment was relied on in the construction of the culvert were the servants of the defendant, and it will be liable for any lack of skill or of proper judgment in the particular case, no matter what their general skill or competency may have been. It was their duty, as servants of the defendant, to prepare a culvert sufficient for any flood not extraordinary and unprecedented. The instructions of the court as to this matter were as favorable to appellant as it had a right to ask. It is not the danger which a competent and skillful engineer does in fact anticipate, but that which, in the reasonable exercise of his skill, he ought to have anticipated, which the company is

bound to provide for.   *Baltimore & O. R. Co. v. Sulphur Spring Independent School Dist.*, *supra*; *Libby v. Railroad Co.*, *supra.*   Counsel for appellant, however, rely upon cases holding that a city is not liable for damage to property from flooding by water resulting from the improvement of streets, the construction of sewers, etc., where the city council has in good faith adopted and followed the plans of competent engineers. *Van Pelt v. City of Davenport*, 42 Iowa, 308; *Hoehl v. City of Muscatine*, 57 Iowa, 444.   But these cases are predicated on the view that in the exercise of its general duty to make public improvements the municipal corporation will not be chargeable with negligence, if, in acting, as it must, through the agency of others, it selects a competent agent to perform the duty required of it.   *Van Pelt v. City of Davenport*, *supra.*   No such principle is applicable to a private corporation chargeable with no duty to make an improvement, and doing so for its own special benefit.   The authorities relating to the immunity of municipal corporations, where a plan prepared by a competent engineer has been adopted in good faith and in the belief that it is sufficient, as well as those limiting the application of the doctrine, are collected in an article in 51 Cent. Law J. 185, but they need not be further discussed.   Our attention is not called to any case in which the doctrine is extended to the case of a railway or other private corporation.

Counsel for appellant complain of the refusal to give instructions asked to the effect that it was not bound to provide against damage resulting from the clogging of the culvert by debris carried down by the stream during a freshet.   But so far as such instructions referred to debris likely to be carried down by the stream during a freshet not extraordinary and unprecedented, they were erroneous.   The court properly instructed that defendant was not liable for the result of the clogging of

the culvert by debris which it could not have anticipated would be carried down by the water, and this was all appellant was entitled to.

Objection is made to the introduction of evidence as to the length of defendant's trestle work over this stream before the construction of the culvert in question. But we think such evidence was competent. It would have a bearing on a prior condition of affairs. For instance, in determining whether the flood was unprecedented, it would be material to know that the opening for the passage of water had been restricted by the culvert as explaining why a similar rise in the water had not occurred before the culvert was constructed.

Exceptions to the competency of plaintiff's witnesses to testify as to the value of the property destroyed, consisting in part of clothing and furniture which had been in use, were not well taken. As to such property, which has no market value, any one familiar with its nature and use may give an opinion as to the value. *Tubbs v. Garrison*, 68 Iowa 44; *State v. Hathaway*, 100 Iowa, 225. And see *McMahon v. City of Dubuque*, 107 Iowa, 62; *Scott v. Insurance Co.*, 98 Iowa, 67.

Plaintiff, in his petition, alleged that the defendant willfully and maliciously erected and maintained an insufficient culvert, and was grossly negligent therein, and asked a sum in addition to the actual damages suffered by way of exemplary damages, setting out in the petition a written notice delivered to defendant before the culvert in question was completed, signed by various interested property owners, advising defendant that the structure as planned would not be sufficient for the purpose intended, and that in case of severe flood the water which should pass through the culvert would necessarily at times be thrown back, to the injury of their property. When this notice was offered in evidence, defendant objected to its introduction, and error is now assigned on its

admission.    Although the court did not submit the question of punitive damages to the jury, nevertheless the right to recover such damages was in issue at the time the evidence was introduced, and the notice was plainly admissible as bearing on that issue.—AFFIRMED.