James Vyse, Appellee, v. The Chicago, Burlington and Quincy Railway Co., Appellant.

**Railroads:** CONSTRUCTION OF BRIDGES: FLOODS: INSTRUCTIONS. Where a railway company was authorized to construct its road over streams in such manner as not to unnecessarily impede their flow and an issue of unnecessary obstruction was submitted, an instruction that defendant might, without liability, obstruct the stream so far as reasonably necessary to maintain its bridge in a safe condition, was as favorable as defendant was entitled to.

**Same.** Unless the negligent act of a railway company in constructing a bridge was the producing cause in flooding plaintiff's land, it was not liable for the injury. The court's instructions when construed together, are held correct.

**Same.** Where an action for damage caused by flooding plaintiff's land was submitted on the theory that defendant's negligent construction of its bridge caused the overflow, and the court instructed that unless the same caused the water to flow over plaintiff's land he could not recover, failure to specifically cover the question of whether the flood which did the injury was surface water, was not error.

*Appeal from Fremont District Court.*— Hon. O. D. Wheeler, Judge.

Wednesday, December 14, 1904.

Action at law to recover damages for the flooding of plaintiff's land, due, as is alleged, to the negligence of the defendant in leaving certain piles in a natural stream crossed by one of its bridges and to the negligent throwing of rocks and stones therein.    Many defenses were pleaded, which will be noticed in the body of the opinion.    On the issues joined,

the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*H. J. Nelson, George E. Draper* and *T. S. Stevens,* for appellant.

*W. E. Mitchell* and *R. C. Campbell,* for appellee.

DEEMER, C. J.— Defendant operates a line of railway from Council Bluffs to Kansas City. Just over the State line in Missouri it crosses the Nishnabotna river. Prior to the year 1898 the bridge crossing this stream consisted of two spans, aggregating two hundred and six feet in length. In the year 1898 it replaced this bridge with another of three spans, aggregating three hundred and fifteen feet in length. In constructing this new bridge a number of piling were driven in the channel of the river, and when the bridge was completed these piling were cut off so that the ends thereof projected some distance above the bed of the stream, where they remained down to the time of the flood of which the plaintiff complains. After the construction of the new bridge, the defendant also threw into the channel of the stream, and around the center pier of the bridge which has always been at practically the same place, several car loads of stone and broken rock. Plaintiff owns land in the river bottom in this State some distance above the bridge, and he claims that it was overflowed and damaged in the year 1902 by reason of the piling left in the stream, which gathered debris of various kinds, and of the stones cast into the stream, which obstructed the natural flow of the water. The issue as to the faulty construction of the original bridge, and the insufficiency of the new one to carry the water of the stream, was not submitted to the jury. The sole matter left to its determination was the presence of the piling and the stones. Defendant pleaded, however, that the piling and the stones were necessary to the protection and maintenance of the second bridge, and were not such as to

unnecessarily impair the usefulness of the stream. It further pleaded that the flooding of plaintiff's land was due to an unprecedented flood, or, as it is sometimes called, " the act of God." These issues were submitted to the jury, resulting in the verdict hitherto stated. Many alleged errors are relied upon for a reversal of the judgment thereon, to such of which as are deemed important we shall now give attention:

Defendant complains of the trial court for not sustaining its motion for an instruction directing the jury to find a verdict for it. This complaint is without merit. There was enough testimony, if believed by the jury, as to. the unnecessary obstruction of the river, to justify the court in submitting the matter as a question of fact. It is also contended that the flooding of the plaintiff's land was due to dikes or levees constructed by him and others. This question was also submitted to the jury, and it was told, in effect, that if these dikes or levees, in conjunction with the natural contour of the country, held back or retarded the flow of the flood waters, and caused them to accumulate north of plaintiff's land, he could not recover. The approximate cause of the flooding of plaintiff's land was properly submitted to the jury.

Further, it is argued that whatever damage plaintiff suffered was due to surface water caused by an extraordinary and unprecedented flood, and that defendant was not responsible therefor. This issue was also submitted to the jury, and there was such a conflict in the testimony, or in the inferences to be drawn therefrom, as to justify such submission.

The bridge is in Missouri, and the laws of that State provide, in substance, that railways may construct their roads over streams in that State, but that they shall restore the stream to its former state, or to such state as **1. CONSTRUCTION OF BRIDGES: floods; instructions.** not unnecessarily to impair its usefulness. The trial court submitted the question as to whether or not the defendant so restored the stream as not to unnecessarily impair the usefulness thereof.

The jury was also instructed that the defendant had the right to make its bridge permanent and safe, and in so doing might obstruct the channel of the river, so far as the same was reasonably necessary to maintain the bridge in a safe condition, without liability to the plaintiff or to any one else. These instructions were as favorable to the defendant as it was entitled to. *Booth v. R. Co.,* 140 N. Y. 267 (35 N. E. Rep. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552).

The jury was further instructed that the flood was " the act of God," and that defendant was not liable unless it were shown that its negligence combined with the flood in producing the injury of which plaintiff complains.

2. Same.    In other instructions, the jury was told that negligence of the defendant contributing in some slight degree to bringing about the flood on the plaintiff's land would not be sufficient to render it liable, and also that defendant's negligence contributing in any degree to the bringing about of the damages would not be sufficient, unless such negligence was the producing cause of the injury. This was also explained in other instructions which told the jury, in effect, that if the flood were such as that plaintiff would have suffered damage had defendant not have been negligent, then he could not recover. These instructions, taken as a whole, were not erroneous. *Wolf v. Am. Exp. Co.,* 43 Mo. 421 (97 Am. Dec. 406); *Cornish v. R. Co.,* 49 Iowa, 378. Where negligence concurs with the act of God in producing an injury, the party guilty of the negligent act is responsible, provided the injury would not have happened but for such negligent act. *Langhammer v. City,* 99 Iowa, 295; *Baltimore Co. v. School Dist.,* 96 Pa. 65 (42 Am. Rep. 529); *Coleman v. R. Co.,* 36 Mo. App. 476; *Ulrick v. Dakota Co.,* 3 S. D. 44 (51 N. W. Rep. 1023).

The court instructed that " plaintiff's lands were injured to some extent by overflow from the Nishnabotna river." As the evidence was without conflict on this point, there was no error here.

Defendant's counsel also argue that the court did not submit the question as to whether or not the flood which did the injury was surface water. True, this point was not specifically covered; but the case was submitted wholly on the theory that the obstructions in the channel of the river caused it to overflow and flood plaintiff's land, and the jury was told that, unless these obstructions caused the water to back up and overflow plaintiff's dike at the north and east of his land, he could not recover. They were also instructed that if the dikes held back the water, and caused the flood waters to accumulate north of plaintiff's land, and finally to overflow the dikes or levees, then plaintiff could not recover. These instructions met every issue and all the testimony in the case, and the instruction asked by the defendant with reference to surface water was not correct in law. Surface water is not necessarily all that is outside of the main channel of a river. *Sullens v. R. Co.,* 74 Iowa, 659; *Moore v. R. Co.,* 75 Iowa, 263; *Cornish v. R. Co.,* 49 Iowa, 378.

**3. SAME.**

Other instructions asked by the defendant were, in effect, given by the court in its charge.

Some other matters are complained of — as that the court failed to define the term "proximate cause," and failed and neglected to number the paragraphs of its instructions. There is no merit in any of them.

The case was peculiarly for a jury, and with its findings we are not disposed to interfere.— *Affirmed.*