JACOB ALBRIGHT V. CEDAR RAPIDS & IOWA CITY RAILWAY & LIGHT COMPANY, Appellant.

**Drainage:** SURFACE WATER: OBSTRUCTION. In the construction of a railway grade a suitable passage way for water in a stream, or that which flows in a natural watercourse must be provided; the company has no right to construct a solid embankment and carry the water along a ditch at the side of the same and discharge it upon the land of another at a different point from which it would naturally flow, to the damage of a landowner.

**Same.** The procuring of a right of way by condemnation does not give the right to divert the surface water or that of a stream from its natural channel to the damage of a landowner.

**Same:** INJUNCTION. Where a landowner has been damaged by the obstruction of the flow of water in its natural course, because of the construction of a railroad, an injunction restraining a continuance of the obstruction will lie.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

TUESDAY, MARCH 12, 1907.

ACTION in equity to restrain defendant from maintaining a ditch along its right of way which gathers and discharges water on the plaintiff's land. There was a trial and judgment for the plaintiff, from which the defendant appeals. — *Affirmed.*

*John A. Reed,* for appellant.

*Milton Remley,* for appellee.

SHERWIN, J.— The plaintiff is the owner of the N. E. ¼ of section 24, township 80, range 7, Johnson county, and one James Lacina owns the S. E. ¼ of the same section. The two quarters are separated by a public highway running

east and west.    The defendant's railway crosses both quarters from north to south near the center thereof.    It acquired the right of way, one hundred feet in width, over both pieces of land by condemnation proceedings.    Some three hundred or four hundred feet south of the north line of Lacina's quarter, there is a natural swale or water course which drained the adjacent land and carried the water to the east before the defendant's road was constructed.    In the construction of its road the defendant failed to provide for the passage of the water down this natural swale, but made a solid roadbed over the same and made a ditch on the west side of its right of way, which collected and carried the water which had formerly been carried east by the swale, north across the public highway, and some eight hundred and fifty feet onto the plaintiff's land, where it was carried through its road by a pipe culvert and discharged onto the plaintiff's land east on the defendant's right of way.    The record conclusively shows that the water so discharged on the plaintiff's land has damaged him, and that, if the defendant is permitted to continue the ditch, further damage will be done to the plaintiff.

It is a rule of long standing in this State that a landowner may not collect surface water and discharge it upon his neighbor below in an unusual quantity or in a different manner.    *Sullens v. Railway Co.*, 74 Iowa, 659; *Livingston v. McDonald*, 21 Iowa, 160; *Keck v. Venghause*, 127 Iowa, 529.    It is also a general rule that a railway company has no right to neglect or refuse to construct sluices or culverts where they may be necessary for the conduct of water in its natural course and by so doing flood the adjoining land; in other words, a railway company is bound to provide suitable passageways for the water in streams or for the water which flows in the natural water course, when, by failure to so do, the water will be diverted and flood the adjoining land to the injury of the owner thereof.    Gould on Waters (3d Ed.)

1. DRAINAGE: surface water: obstruction.

section 256; *Noe v. C. B. & Q. Ry. Co.,* 76 Iowa, 360; *Houghtaling v. Chicago Gt. W. Ry. Co.,* 117 Iowa, 540.

To meet this proposition, the appellant contends that the damages paid to the plaintiff for its right of way over his land include any damage which he may suffer by reason of the diversion of the water onto his land; that, it not being shown that it was negligent in the construction of its railway, no cause of action exists for the injury complained of. A sufficient answer to this contention is to be found in the fact that the water which is now carried onto the plaintiff's land by the ditch in question is gathered from land belonging to another, and which is separated from the plaintiff's land by a public highway. The plaintiff, even if he had made a voluntary conveyance of the right of way, would not have been bound to anticipate that the defendant would dam a natural water course on another's land, a half mile or a mile away from him, and by so doing flood his land to his damage. We know of no case which goes to the extent of holding that such damages are within the contemplation of the parties in right of way matters, and we have been cited to no case which so holds. On the contrary, this court has held that, in procuring the right of way, railway companies do not thereby acquire the right to divert a stream of water from its natural channel to the injury of the landowner; and this rule applies as well to the diversion of surface water from its natural course. *Stodghill v. C., B. & Q. R. Co.,* 43 Iowa, 26; *Van Orsdol v. B. C. R. & N. R. Co.,* 56 Iowa, 470; *King v. Iowa Midland R. R. Co.,* 34 Iowa, 458.

**2. Same.**

The appellant contends that, if the rule above announced be conceded, the plaintiff's only remedy is in an action for damages, and that it was error to grant an injunction restraining the defendant from maintaining the ditch in question and commanding it to close the same. This contention is based upon the evidence of its engineers that a culvert for the passage of water at the point in question on the Lacina land would be inconvenient. This

**3. Same: injunction.**

proposition does not appeal to us very strongly, however. There is a fill of about two feet at the point in question, and we see no valid reason why a culvert may not be constructed without serious injury to the plaintiff's road and without damage to the traveling public. It is undoubtly true that the plaintiff might maintain an action for damages, if he had chosen that form of relief; but, notwithstanding that, he is entitled to an injunction restraining the defendant from a continued invasion of his property rights.

The decree of the district court is therefore *affirmed.*