JOHN NELSON v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, Appellant.

**Drainage:** OBSTRUCTION OF SURFACE WATER. A street railway company has no right to construct its road bed and maintain the same so as to flood adjacent lands.

**Same:** DAMAGES: EVIDENCE. The value of crops destroyed by flooding the land upon which they were growing is competent evidence in an action by a tenant for such injury caused by an obstruction of flood water.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, DECEMBER 13, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Tinley & Mitchell,* for appellant.

*George H. Mayne,* for appellee.

SHERWIN, J.—Action to recover damages claimed to have been suffered by the overflowing of lands occupied by the plaintiff as a tenant during the years 1907, 1908, and 1909; said overflow being caused by an embankment constructed by the defendant on its right of way. The facts in the case, without serious question, show that Nelson, the plaintiff, held a lease during the years 1907, 1908, and 1909 and for several years prior thereto on about seventy acres of land lying west of Thirty-seventh street and north of the right of way of the defendant, in the western part of the city of Council Bluffs, lying north of the street railway line belonging to appellants, and bounded by the Missouri river on the north. Nelson also owned a tract of land of about three acres, bounded on the north and west by the land which he rented and on the east by Thirty-seventh street. The south line of the three-acre tract owned by Nelson extended to the west would be the south line of the seventy acres which he leased. The tracks of the street car company run directly from Thirty-seventh street for a little over an eighth of a mile, then southwest for about a quarter of a mile to the bridge. The bridge of the street car company is a combined street railway and wagon bridge, and the approach to their wagon bridge is an extension of Broadway to the west and southwest, parallel to the street car tracks. The evidence shows without dispute that a depression or swale, varying in width from fifty to three hun-

dred feet, commencing near the northwest corner of the land leased by Nelson extended irregularly in a southeasterly direction to the south line of the land leased by Nelson, thence in a southerly and southwesterly direction to the Missouri river, and that this swale or depression was the natural waterway for the surface and overflow water from the land in controversy for a period of almost thirty years. The center of this depression or waterway would be at about the point where the turn is made to the southwest in the track and wagon approach of the street car company. When the bridge and street car line was constructed about 1886, the tracks and the driveway were built over a trestle of several hundred feet in length which spanned this swale or depression, allowing free passage for the surface and overflow water in the same manner as before it was built. During the years 1902 and 1903, this trestle under the tracks was filled in by a solid embankment of earth, and during the years 1906 and 1907 the trestle under the driveway to the bridge was similarly filled in. At the time this work was done and for the purpose of permitting the surface and overflow water to flow through its former channel, the company put in at the lowest part of said depression two twenty-four-inch tile or pipe, one under the street car tracks and the other under the driveway. There was also put in by the company a twenty-one-inch pipe running from the lowest part of the depression along the northerly side of the street car track to the river. The evidence shows without conflict that prior to the building of the embankment and the stopping up of the trestle the overflow and surface water would pass on through its natural course to the river, and did not gather or stand on the land in controversy.

Plaintiff, Nelson, during the years 1907, 1908, and 1909, as in prior years, put in a crop on the land in controversy, planting about forty or fifty acres of corn. During the summer of 1907 the Missouri river overflowed its bank at the northwest corner of the land in controversy, and continued high enough to flow over that land for a period of about two days,

or a little less. The overflow of water, following the depression before referred to, ran down until it reached the railroad embankment, and this caused it to back up and stand on the land during the balance of the summer, greatly injuring the crop; the pipes under the track being stopped up. Substantially the same thing occurred in 1908. In 1909 the river did not come over, but the water collected to about the same extent as the result of very heavy rains. The evidence shows that there was five or six feet of water north of the grade, and no water on the south side. It is perfectly apparent from the evidence that but for the grade there would have been no water on the land, except for the very short space of time when the river was overflowing its bank at the northwest corner; that but for the stopping of the water by the embankment plaintiff's crop would have been but little, if any, injured. Owing to the water not being able to get away, it stood on the land during a period of several months, totally ruining each year from twenty to thirty acres of the crop, which the undisputed evidence shows was worth at the time of the overflow $15 per acre. The defendant did not plead, nor is there any evidence tending to show, that it owned any land except the right of way for its track and the approach to the bridge, so there is no question before us touching the defendant's right to dike to protect its own land, and the authorities cited by it in support of such right are therefore not in point.

I.   On this branch of the case but one point is present for determination, and that is whether the defendant has the right to so construct and maintain its embankment for track purposes as to flood the land above it. And this question is settled adversely to appellant in the following cases: *Brown v. Armstrong*, 127 Iowa, 175; *Albright v. Railway Company*, 133 Iowa, 644; *Keck v. Venghause*, 127 Iowa, 529.

II.   Error is alleged in overruling appellants' motion to strike certain testimony as to the value of crops destroyed. This evidence was evidently admitted under the rule announced

in *Harvey v. Railway Company*, 129 Iowa, 465, (referred to by counsel on both sides without giving the citation), and was competent. See, also, *Jefferis v. Railway Company*, 147 Iowa, 124, and cases cited therein on this point, and *Blunck v. Railway Co.*, 142 Iowa, 146.

We find no error in the record, and the judgment is therefore *Affirmed.*