L. A. GUY, Appellee, v. JOHN BARTON PAYNE, Director General of Railroads, Appellant.

**RAILROADS:** Operation—Inadequate Bridge Opening. A railway
1 company must exercise reasonable care to provide bridges which
will permit the free flow of such waters as may reasonably be ex·
pected. Instructions reviewed, and held not to make the railway
company an *insurer* of the sufficiency of the bridge openings.

**TRIAL:** Instructions—Repetitions. Requested instructions are prop-
2 erly rejected when they consist of a repetition, under the guise of
new phraseology, of full and definite instructions on the same point
already given by the court.

*Appeal from Washington District Court.*—CHARLES A. DEWEY,
Judge.

FEBRUARY 13, 1923.

REHEARING DENIED MAY 18, 1923.

ACTION to recover damages for alleged negligence in the maintenance of a railroad bridge over the Skunk River, which bridge, it is claimed, caused the water of said river to flood plaintiff's land in the year 1918, and caused damage to his crops. —*Affirmed.*

*Livingston & Eicher, J. G. Gamble,* and *A. B. Howland,* for appellant.

*Brookhart Bros.,* for appellee.

FAVILLE, J.—The appellee is the owner of certain lands in Sections 17 and 20 in Township 74 north, of Range 8 west of the Fifth P. M. All of said land lies west of the right of way of the Chicago, Rock Island & Pacific Railway Company, which, at the time of the injuries complained of, was under the jurisdiction of the appellant, as director general of railroads. The general direction of the railroad is north and south. It crosses the Skunk River, which runs in a general easterly direction. The

lands of the appellee in question are bottom lands, lying along the valley of the river. The railroad crosses the river channel by a bridge 883.7 feet in length. It appears that there is a highway running east and west that passes under the railway bridge and a short distance therefrom crosses the river on what is called the "highway bridge." The river makes rather a sharp bend to the south about 400 yards north and west of the railway bridge, and passes under the railway bridge nearly to the east. In June, 1918, there was a heavy flood in the Skunk River valley, and appellee's lands were inundated and his crops damaged thereby. Appellee's action is predicated upon the claim that the railway bridge was insufficient to accommodate the flow of water in the Skunk River at the flood season, and that the embankments caused the water to overflow appellee's land.

I. It is contended that the court erred in giving Instruction No. 5, as follows:

"It was the duty of the director general of railroads, in maintaining the railroad where it crosses a stream, to provide passageways for water reasonably sufficient to allow it to flow through without it being backed up so as to cause damage to the property of another. He was not bound to provide for unprecedented floods, but was required to anticipate and make provision for such floods as may occur in the ordinary course of nature, and to foresee and provide for unusual storms, such as occasionally occur, whether they be called ordinary or extraordinary. If the director general failed in such duty in the manner alleged by plaintiff, then such act or failure to act would be negligence on his part. Such director general, however, would not be guilty of negligence for failure to provide for a flood which was not only extraordinary but unprecedented, or such that could not reasonably have been foreseen or anticipated."

1. RAILROADS: operation: inadequate bridge opening.

The particular complaint of appellant is that the instruction "made the defendant the insurer of the sufficiency of the opening," and did not submit to the jury the question as to whether or not the appellant exercised the degree of care that an ordinarily prudent man, similarly situated, would have exercised under the circumstances.

It is elementary that the instructions of the court must be read as a whole and construed together. In Instruction No. 2 the court told the jury, among other things, that the burden was upon the appellee to establish, by a preponderance of the evidence, that "the defendant was negligent in keeping and maintaining a railway embankment without sufficient or adequate openings therein, which obstructed the flow of water and threw or held the same back on plaintiff's land." This thought is repeated in a number of other instructions, and the jury was clearly and explicitly told that:

"The plaintiff must show by evidence and a preponderance thereof that the injury to his crops, if any, was caused by the negligence of the director general in obstructing the flow of the water."

We do not think there was error in giving Instruction No. 5. In *De Lashmutt v. Chicago, B. & Q. R. Co.*, 148 Iowa 556, we had under consideration an instruction very similar to the one challenged in this appeal. In said case, the court told the jury that it was the duty of appellants "to provide passageways for the water reasonably sufficient to allow it to flow through without being diverted from its natural course or being banked up so as to cause damage to the property of another." We said:

"This instruction does not, in our opinion, place a greater burden of care on the railroad company than the law requires. It means simply that reasonable care shall be exercised to provide bridges that will permit the free flow of the volume of water that may reasonably be expected at times; and such is undoubtedly the rule. *Houghtaling v. Railroad Co.*, 117 Iowa 540; *Vyse v. Railroad Co.*, 126 Iowa 90; *Blunck v. Railroad Co.*, 142 Iowa 146."

In *Thompson v. Illinois C. R. Co.*, 177 Iowa 328, we said:

"A railway company is bound to provide openings beneath its bridges reasonably sufficient for the passage of the water of streams crossing its right of way, and to keep them sufficiently unobstructed by drift or mud or both to allow such passage, and it is liable for all damages resulting to the owners of adjoining lands in consequence of its omission so to do."

We do not think the instruction in the case at bar is fairly subject to the criticism made by appellant. The court did no

more than fairly tell the jury the legal duty that rested upon the appellant in regard to the construction of the railway bridge in question, and in other instructions explicitly and clearly explained to the jury that the appellee could not recover unless the jury found that the appellant had been guilty of negligence in the construction of the bridge and embankment. *Moore v. Chicago, B. & Q. R. Co.,* 75 Iowa 263; *Sullens v. Chicago, R. I. & P. R. Co.,* 74 Iowa 659; *Noe v. Chicago, B. & Q. R. Co.,* 76 Iowa 360; *Houghtaling v. Chicago & N. W. R. Co.,* 117 Iowa 540; *Albright v. Chicago, R. I. & P. R. Co.,* 133 Iowa 644.

We find no error in the matter complained of.

II. It appears that the appellant, as director general, took charge of the right of way in question on or about January 1, 1918, and that the injury complained of occurred on or about June 1, 1918. The appellant requested the court to instruct the jury as follows:

2. TRIAL: instructions: repetitions.

"You are instructed that defendant can only be held liable for the maintenance of the embankment and bridge in question between January 1, 1918, and June 1, 1918. Unless you find by a preponderance of the evidence that a reasonably prudent man, coming into the possession and control of the railway property would, under all the circumstances between January 1, 1918, and June 1, 1918, have changed the location of said embankment or bridge, your verdict will be for the defendant."

We do not think there was error on the part of the court in refusing to give the requested instruction. The facts were fully disclosed to the jury by the evidence offered in the case, and the jury was fully and carefully instructed with regard to the duty of the appellant in the premises, and that, before appellee could recover, he must show, by a preponderance of the evidence, that the appellant was guilty of negligence, as charged by appellee in his petition, in obstructing the flow of water, and further, that, but for such negligence, the damage would not have occurred.

We do not find reversible error in the refusal to give the requested instruction.

III. It is contended by the appellant that the evidence is

insufficient to sustain the verdict, and that a new trial should be granted for this reason.

Both sides offered a large amount of expert testimony in regard to the capacity of the bridge in question, and also relative to the capacity of the highway bridge, which it is claimed was responsible for the flooding of appellee's land. The fact questions in the case were in dispute, and they were properly submitted to the jury for its determination.

There is sufficient evidence to support the verdict of the jury, and with that finding we cannot interfere. We find no reversible error in the case, and the judgment appealed from must, therefore, be—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.