**HARBISON–WALKER REFRACTORIES CO. v. SMITH et al.**

No. 11428.

United States Court of Appeals Sixth Circuit.

Feb. 28, 1952.

---

W. H. Dysard, Ashland, Ky. (Dysard & Dysard, W. H. Dysard, all of Ashland, Ky., Thomas D. Theobald, Grayson, Ky., on the brief), for appellant.

H. R. Wilhoit, Grayson, Ky. (H. R. Wilhoit, Grayson, Ky., on the brief), for appellees.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

In a challenge to a judgment for damages suffered through the negligent maintenance of a culvert on the property of appellant, there was substantial evidence of floatable debris upon the appellants' property and in the vicinity; that during heavy rainfalls such debris clogged the culvert, caused the flooding of and injury to the appellees' property and evidence that the topographical situation made the circumstances dangerous. It is our view that the evidence sustained the judgment upon the application of the following principles.

Where injury could reasonably have been foreseen in the light of attending circumstances, and where the thing done or omitted to be done, is a substantial factor in bringing it about, it is not necessary that the party charged should have had in mind the particular means by which it is brought about. Johnson v. Kosmos Portland Cement Company, 6 Cir., 64 F.2d 193, Pittsburgh Steamship Company v. Palo, 6 Cir., 64 F.2d 198, and Smith v. Lampe, 6 Cir., 64 F.2d 201, and that heavy rainfall and resulting flood is not so unusual a manifestation of natural phenomena as to break the causal relation between negligence and resulting injury. Johnson v. Portland Cement Company, supra, Milwaukee & St. P. R. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256, Vyse v. Chicago, B. & Q. Ry. Company, 126 Iowa 90, 101 N.W. 736, Bohlen Studies in the Law of Torts 29.

The judgment below is affirmed.