DOYLE v. THE CHICAGO, ST. PAUL AND KANSAS CITY RAILWAY COMPANY.

1. **Railroads:** INJURY TO EMPLOYE: NEGLIGENCE: LEAVING PIN ON PLATFORM: UNFORESEEN RESULT: EVIDENCE. Plaintiff, being with others employed in repairing one of defendant's bridges, withdrew a short distance to allow a passenger train, running at the rate of about thirty miles an hour, to pass. As it passed, an old, rusty and bent coupling pin was hurled by a wheel of a car, striking plaintiff on the head, and causing the injury complained of. The evidence (see opinion) showed that the pin was not on the bridge, and justified the jury in concluding that it was lying loose upon a platform of one of the cars. The pin had a hole in the head for a chain, and was such as was used upon cars having Miller's platform, which was on the cars in the train causing the accident; but the pin was not chained to the platform. *Held* that to allow it to lie loose upon the platform was negligence, because it was liable to fall and become an obstruction on the track, and that defendant was liable for such negligence in this case, even though the precise accident and injury which occurred could not have been foreseen and expected from the falling of the pin from the platform.

2. **The Same:** EVIDENCE. In such case a brakeman upon the train was asked if, in case a coupling-pin should roll off a platform, he would expect any extraordinary force would be given to it, so that it would do injury. *Held* that the answer sought was immaterial, and that an objection on that ground was properly sustained.

3. **The Same:** EVIDENCE. In such case the court rightly rejected evidence offered to show that the only reason for chaining the pins to the platform was that they might be at hand when wanted,— the question being solely as to defendant's duty, and not as to its motive for doing it.

*Appeal from Marshall District Court.*—Hon. S. M. WEAVER, Judge.

FILED, MAY 21, 1889.

ACTION to recover for personal injuries sustained by plaintiff from alleged negligence of defendant's employes while operating a train on its railroad. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Hubbard & Dawley*, for appellant.

*T. Brown* and *J. L. Carney*, for appellee.

BECK, J.—I. The undisputed facts of the case are these: Plaintiff, with other workmen, was employed in repairing a bridge upon defendant's road. A passenger train approaching, the workmen withdrew twelve or fifteen feet from the track. As the train passed at a speed of about thirty miles an hour, a coupling-pin of iron, about one foot long and an inch and a quarter in diameter, was hurled from the train, and struck plaintiff upon the head, and fractured his skull. The injury was severe, and from it plaintiff was ill and disabled for several months, and still suffers therefrom. It is shown by the evidence, and we think is not disputed, that the pin was thrown by the wheel of a car. A witness testifies that he heard and saw the pin "striking the wheels," and saw it thrown in the direction plaintiff, with witness, was standing. The workmen repairing the bridge, or some of them, testified that the pin could not have been thrown from the bridge, for they were working upon the part of the bridge near which the

*1. RAILROADS: injury to employe: negligence: leaving pin on platform: unforeseen result: evidence.*

accident occurred.   They were employed in repairing the
track on the bridge, and doing other work repairing the
bridge which required them to make close examination
of it.   The pin was old, rusty and bent.   It had a hole
in the head for a chain, such as is used upon cars hav-
ing Miller's platform, which was on the cars in the train
causing the accident.   It is shown that it was not of the
structure of the pins used by defendant, and a train-
man who helped to make up the train testified that he
looked for a loose pin upon the platforms of the train just
before it started on the trip, and found none, and there
might have been a pin on the train which he overlooked.
It appears that pins of various patterns and different
construction are found upon trains, being exchanged
from cars of other roads.   It is not shown by the direct
evidence that the pin was on the train.   We think the
evidence authorizes the conclusion that the pin was on
one of the platforms of the train.   It is impossible to
conclude that it was upon the bridge before the train
passed.   It was, then, upon the train before it was
hurled away, injuring plaintiff; and the conclusion is
authorized that in falling from the platform of the train
it was struck or taken up by the car wheel, and thrown
with force, striking plaintiff.   The jury were author-
ized to find, from the evidence, as they did find, that the
pin was upon the train prior to the accident; and, as
such pins are constantly used in making up trains, and
are often left upon the platforms of cars for conven-
ience in getting them when they are wanted, the jury
were authorized to infer that the pin was left upon the
cars by some employe of the defendant.   The petition
alleges that the pin was negligently left upon the train
without being fastened by a chain.

II.   Counsel for defendant insists that the evidence
wholly   fails   to   sustain   the   allegation   of   negligence.
THE SAME.   This   position   is   based   upon   the   fact   that
there is no direct evidence that the pin was
ever on the train.   But, as we have pointed out, it can-
not be doubted that it was not upon the bridge.   It
must, therefore, have been upon the cars, and, as pins

of this character are in constant use, it is a fair infer-
ence that it was left on the cars by an employe of
defendant.   It was not chained, as are pins used upon
cars having the kind of couplings in use upon the cars
in the train causing the injury.   Pins are thus fastened
to prevent loss or misplacement.   They are less liable to
fall from the cars, and therefore prudence requires them
to be chained.   In falling they may cause an accident.
It was therefore negligence to permit the pin to be upon
the cars without being secured in its place.

III.   It is insisted by counsel for defendant that if
it be found that the pin was on the car there can be no
conclusion that the defendant was negligent,
THE SAME.     for the reason that the accident was so
unusual and extraordinary that it could not reasonably
have been expected to happen.   It may be true that the
accident, in the precise form and with the precise
attending circumstances which resulted in plaintiff's
injury, could not have been expected to happen from
the falling of the pin from the car upon the track.   The
reason or imagination is unable to determine just the
effect of an obstruction upon the track of a railroad.
The result may be unusual, unexpected, indeed a surprise
to the most experienced,—never before heard of by any
one,—yet the act of putting the obstruction on the track
is none the less negligent, for it threatens danger in
many directions, and is liable to produce many famil-
iar results which would cause injury.   Now, surely, if
it causes an injury in any way that may be expected,—
if the results have before been seen,—it cannot be said
not to be negligent because the result was before
unheard of, and not within the observation of any one,
or even not anticipated in the exercise of reason or
imagination.   The negligence in this case produced an
effect never before observed.   It cannot, therefore, be
said that it was the exercise of care.   The rulings of
the district court upon instructions are in accord with
the foregoing conclusions.

IV.   A brakeman upon the train was asked if, in
case a coupling-pin should roll off of a platform, he

**2. THE same: evidence.** would expect any extraordinary force would be given it, so that it would do injury. An objection to the question was rightly sustained. As we have seen, the fact that the accident was unexpected would not excuse negligence in causing it. The evidence, therefore, is immaterial.

V. Defendant proposed to prove that the pins with the Miller platforms were chained, so that they **3. THE same: evidence.** could be at hand when wanted. The evidence was rightly rejected. If the pins would less probably be the cause of danger and injury when chained, due care required that they be kept so secured. It is plain that the motive with which due care is exercised cannot be an excuse for omitting it. So, if the pin was less likely to do injury when chained, it should have been kept fastened, though it was not chained, to avoid injury. The judgment of the district court is                                    AFFIRMED.