MEMPHIS CONSOL. GAS & ELECTRIC CO. v. CREIGHTON et al.

(Circuit Court of Appeals, Sixth Circuit. December 21, 1910.)

No. 2,052.

1. GAS (§ 18*)—INJURIES FROM ESCAPE OR EXPLOSION OF GAS—CARE REQUIRED OF GAS COMPANY.

A gas company, which through its pipes supplies gas to a house and has control of the apparatus for cutting it off, when notified that gas is escaping in the house and informed of injury and danger to the inmates therefrom, owes a duty to the occupants of the house to exercise reasonable diligence in shutting off the gas therefrom, and it is immaterial that the pipes where the leak occurred were owned by the owner of the house.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 18.*]

2. NEGLIGENCE (§ 61*)—PROXIMATE CAUSE OF INJURY—CONCURRENT CAUSES.

Where the negligence of two persons co-operates to produce an injury, both are liable, and inquiry as to the proximate cause is not pertinent.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. § 61.*]

3. GAS (§ 18*)—GAS COMPANIES—LIABILITY FOR NEGLIGENCE.

Plaintiff was injured by an explosion of gas in the house where she occupied a room. Early in the morning it was discovered that gas was escaping, and one occupant of the house became asphyxiated and was sent to a hospital. The owner of the house, being unable to shut off the gas from the building, between 8 and 9 o'clock, telephoned defendant gas company, which supplied the gas, stating the facts and asking that some one be sent at once, which was promised, but no one came until 2 o'clock in the afternoon. In the meantime, about noon, the owner, in attempting to find the leak, lighted a match, which caused the explosion of gas accumulated inside of a partition where there was a defect in a pipe which caused the leak. *Held* that, whether or not the owner was negligent, the negligence of defendant in failing to act with reasonable

promptness, when notified of the dangerous condition of the premises, was one of the causes of plaintiff's injury, and that it was liable therefor.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 18.*]

4. NEGLIGENCE (§ 59*)—EFFICIENT CAUSE OF INJURY—LIABILITY FOR UNFORESEEN RESULTS.

If a thing done produces immediate danger of injury to others, it is not necessary that the author of it should have in mind all the particular results which might happen from the presence of the danger to render him liable for such result.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 72; Dec. Dig. § 59.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Action at law by Mrs. Lawrence Creighton and Lawrence Creighton against the Memphis Consolidated Gas & Electric Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jas. F. Meagher and E. E. Wright, for plaintiff in error.

Bell, Terry & Bell and M. J. Anderson, for defendants in error.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

SEVERENS, Circuit Judge. This is an action to recover damages for a personal injury to the plaintiff Mrs. Creighton, resulting from the alleged negligence of the defendant.

The facts upon which the action is founded are, substantially, as follows: The defendant, now plaintiff in error, is a corporation doing a general business such as its name implies in the city of Memphis. Among its patrons was a Mrs. Bramhall, who owned and occupied a house on Washington street in that city. She had rented out the rooms, one of them to the plaintiffs, who were occupying it. The defendant had made a contract with Mrs. Bramhall for supplying her house with gas in the usual way; that is, the company was to lay its own pipe into the house of Mrs. Bramhall, and she was to provide and install the pipes and fixtures through which the gas would be conveyed to the burners. The defendant laid the pipe to a place in the basement of the house, where it established a meter for measuring the gas to be delivered, and, at a short distance before the gas would come to the meter, it put into the pipe a stopcock or valve by which the flow of gas into the house could be arrested. Mrs. Bramhall had installed the house pipes and fixtures by which the gas would be delivered at the burners, and the supply and use of the gas was begun. Early in the morning of May 10, 1907, it was discovered that several of the rooms of the house were filling with gas to such an extent that a lady in a room adjoining the plaintiffs' had become partly asphyxiated, and was not long after taken to a hospital. At 8 o'clock Mrs. Bramhall attempted to turn off the gas at the stopcock in the basement, but she was unable to turn it; and a man in the house tried to, but could not close the valve. Thereupon she telephoned the gas company. Mrs. Bramhall testified to this and said:

"I told them the gas was escaping and there was a lady in the house asphyxiated and made unconscious, and we could not cut the gas off; sister and I had tried to and we wanted some one to come and do it right away. They said they would send some one right away."

This, according to Mrs. Bramhall, was between 8 and 9 o'clock. Instead of sending a man "right away," the "complaint clerk" made out a "complaint ticket," and some time before noon sent it to the headquarters of the gas-fitters, and a gas-fitter who got the ticket arrived on the scene at about 2 o'clock. Meantime, shortly before noon, Mrs. Bramhall, the gas still continuing to escape, was trying to find the place from which it was leaking. To do this she says, when testifying, she lighted a match, and tried the joints of the fixtures. She carried her match along the joints of a fixture back to the cap which covered the opening for the pipe in the wall. The gas coming out around the pipe took fire from the match, and the pent-up gas behind the ceiling exploded. The lath and plaster on the opposite room were blown off, the flooring blown upward, and Mrs. Creighton, who was sitting there, was seriously injured. It subsequently appeared that the gas had escaped through a sand hole in the pipe inside the partition wall.

Upon the trial at the close of the evidence, in which there was no material conflict, counsel for the defendant requested the direction of a verdict in its favor. This the court refused, and the counsel saved an exception. The jury found a verdict for the plaintiffs. Several exceptions to the rulings of the court upon questions of law were saved for the defendant. For the purpose of our consideration we have been aided by a summary of his points by counsel for the now plaintiff in error. But before considering them we should notice the claim the counsel make in respect to the rule of procedure and the duty of the court to give peremptory instructions when the evidence is such that no reasonable man could doubt as to the proper conclusion to be drawn from it. We assent to the proposition thus implied, and agree that the court is so bound. The rule is so well settled that it is not to be questioned. We come then to the summary of questions to be determined as stated by counsel as follows:

"First. The defendant owed the plaintiffs no legal duty to cut off the gas flowing from its service pipes into the house pipes of the premises, No. 218 Washington avenue, and, being under no legal duty so to do, the plaintiffs cannot recover on a cause of action solely based upon a negligent failure to cut off said gas.

"Second. The admitted proof is to the effect that the explosion and resultant injury to the plaintiff, Mrs. Lawrence Creighton, would not have occurred but for the act of Mrs. B. C. Bramhall, the owner and proprietor of the house, in applying a lighted match to the escaping gas, and therefore the proximate cause of the explosion was not the alleged negligence of the defendant in failing to cut off the gas, but was brought about by an independent, intervening, wholly unlooked for and unexpected cause which superseded any negligence upon the part of the defendant, and therefore there was no natural and continuous sequence uninterruptedly connecting the breach of duty with the damage as cause and effect.

"Third. The plaintiffs failed to show by a preponderance of evidence that the negligence of the defendant was the proximate cause of the injury or proximately contributed thereto, in that the undisputed evidence clearly showed that, even if the defendant company had cut off the gas within

a reasonable time after it was notified so to do, still in this event the gas which had escaped prior to the notification of the defendant company, and, after the lapse of a reasonable time to cut off the gas, would have exploded upon the application of a lighted match just as it did explode when the match was applied.

"Fourth. The undisputed evidence clearly shows that the explosion would not have occurred but for the act of Mrs. Bramhall, the owner of the premises, and who alone was within contractual relations with the defendant, and the plaintiffs cannot charge the legal responsibility for the result of the explosion upon the alleged original negligent act or omission of the defendant, since the intervening act of Mrs. Bramhall produced the explosion."

With respect to the first, we might have no difficulty in adopting the conclusion if the premises were true. But we cannot assent to the proposition that the defendant owed no duty to the plaintiff. On the contrary, we think that in the circumstances stated, when the defendant was informed of the danger to the inmates from its continuing to force the gas into the house, it owed a duty to every one in the sphere of danger to cut it off. It had the control of the apparatus by which the gas was let into the house. It is not material that Mrs. Bramhall owned that part of it where the gas escaped. It was by the defendant's sole agency that the gas was sent to the place in circumstances which made it dangerous to everybody near it.

Second. It is claimed that the proximate cause of the injury was the act of Mrs. Bramhall in bringing the lighted match into contact with the gas. This might be so if it had been a supervening cause which rendered the first cause inoperative. The truth of the matter is that the causes of the injury were concurrent. The accumulation of the gas was one; the lighted match was the other. The effect of the former had not ceased, but co-operated with that of the other in effecting the injury. In such case an inquiry about the proximate cause is not pertinent, for both are liable. Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; Gila Valley, etc., Ry. Co. v. Lyon, 203 U. S. 465, 27 Sup. Ct. 145, 51 L. Ed. 276; Deserant v. Cerillos, etc., Ry. Co., 178 U. S. 409, 20 Sup. Ct. 967, 44 L. Ed. 1127; Kreigh v. Westinghouse, etc., Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984; and our own decision in Great Lakes Towing Co. v. Kelly Island, etc., Co., 176 Fed. 492, 497, 100 C. C. A. 108. If the act of one be not negligent when tested by rules of law, a priori, must that one be liable whose culpable negligence has led directly to the injury without the intervention of any unlawful act. Whether Mrs. Bramhall was guilty of an inexcusable negligence in her use of the lighted match would be a question of fact with which we do not propose to deal. For the present purpose it is immaterial. It would be a profitless task if we should undertake to expound the general doctrines of proximate causes, or to canvass the great number of cases which the industry of counsel has collected in their brief. One point, however, we think it proper to notice. It is contended that it could not have been foreseen as probable that a lighted match would be put near the gas, and that therefore the defendant would not be liable for an accident caused thereby. There are many cases in which such language has been employed, but incorrectly as we think. If the thing

done produces immediate danger of injury, it is not necessary that the author of it should have in mind all the particular results which might happen from the presence of the danger. Doyle v. Chicago, St. P. & K. Ry. Co., 77 Iowa, 607, 42 N. W. 555, 4 L. R. A. 420; Texas & Pac. Ry. Co. v. Carlin, 111 Fed. 777, 49 C. C. A. 605, 60 L. R. A. 462, affirmed 189 U. S. 354, 23 Sup. Ct. 585, 47 L. Ed. 849.

The third proposition is, in substance, that the result would have been the same if a lighted match had been applied, as was done by Mrs. Bramhall, before the time when the defendant became negligent. Perhaps, but only perhaps. The accumulation of gas was constantly increasing, and an explosion at an earlier time might not have been so serious as to have caused the injury complained of. The proposition itself is a matter of speculation, and without value in determining the result of the actual conditions in which the injury happened.

The fourth proposition is in substance only a repetition of the second, couched in different phraseology. The fact that the defendant was in contractual relations with Mrs. Bramhall only does not relieve the defendant from the consequence of its wrongful conduct suffered by an inmate of the house rightfully there and within the range of the danger which the defendant produced.

The instructions given to the jury were in conformity with the principles which we think were applicable to the facts which the jury might properly find, and they were clear and ample. They were quite as favorable to the defendant as the law would justify. Several exceptions to the charge were saved, and errors are assigned thereon. But these exceptions were all directed to instructions which were based upon principles which we think sound, and it is unnecessary to repeat what we have already said.

Likewise certain requests of counsel for defendant to instruct the jury were refused. These requests, when not allowed by the court, were in substance for instructions that the rules of law applicable to the case were such as upon argument of counsel here are sought to be maintained and have been already considered and disapproved.

We find no error, and the judgment should be affirmed with costs.