MORRISON v. CITY OF IRONWOOD.

1. APPEAL AND ERROR—DIRECTED VERDICT—SNOW AND ICE—MU-
NICIPAL CORPORATIONS.

In determining whether or not the trial court erred in direct-
ing a verdict against plaintiff, who was injured by fall-
ing into an excavation in accumulated snow and ice, in
the streets of a city, the evidence must be considered in
that light which is most favorable to the claim of the
plaintiff.

2. NEGLIGENCE—PROXIMATE CAUSE—GENERAL DEFINITION.

A cause is proximate if it operates to produce particular
consequences without the intervention of any independent
unforeseen cause, but for which the injuries would not
have occurred.[1]

3. MUNICIPAL CORPORATIONS — EXCAVATION — STREETS — CITIES
—SNOW, ACCUMULATION OF—NEGLIGENCE.

A pedestrian, who fell into a temporary ditch, laid across
the crosswalk, in ice and snow, that had accumulated to
a depth of fifteen inches and upwards on a city street,
where the danger was concealed by a light snowfall, and
was unknown to the plaintiff, was entitled to have the
verdict of the jury on the questions of negligence and
proximate cause, the testimony showing that snowstorms
were and should have been anticipated when the ditch
was built.[2]

4. SAME — TORTS — REASONABLE CARE — NEGLIGENCE — PROXIMATE
CAUSE.

To render a negligent act the proximate cause of the alleged
fall, it was not essential that the persons who constructed
the ditch might have foreseen the particular consequence
or injury, or manner in which it took place, if by an
exercise of reasonable caution it might have been antici-
pated that some injury might occur.

[1]On defect in highway as proximate cause of injury, see notes
to 13 L. R. A. (N. S.) 1252, 20 L. R. A. (N. S.) 732.

[2]As to an obstruction in highway as proximate cause of injury
notwithstanding intervening cause, see note in 9 L R. A. (N. S.)
548.

Error to Gogebic; Cooper, J. Submitted October 13, 1915. (Docket No. 69.) Decided December 21, 1915.

Case by Julia Morrison against the city of Ironwood for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*James A. O'Neill,* for appellant.

*Harry K. Bay,* for appellee.

KUHN, J. The plaintiff, a woman 53 years of age, on the morning of March 17, 1914, while walking westerly on Ayer street in defendant city, and while crossing the crosswalk on the south side of that street where it is intersected by Lowell street, stepped into a temporary drain dug in the snow, causing a fall from which she received serious injuries. The streets at the place of the accident are paved, the pavement extending over and constituting the crosswalks, and during the winter months, when large quantities of snow and ice accumulate on the streets, it is spread out by the city employees, and when traveled upon becomes smooth and hard, and constitutes the surface of the streets and crosswalks.

At the time of the accident the accumulation of the snow and ice on Ayer and Lowell streets at the place where the plaintiff sustained her injuries was upwards of 15 inches deep, being smooth and level, having been traveled upon during the previous winter. Shortly before the date of the injury the street commissioner of the defendant city, who had charge of the street work, and whose duty it was to keep the streets, sidewalks, and crosswalks in proper condition and repair, caused a ditch to be constructed across the crosswalk on the south side of Ayer street where that street is intersected by Lowell street. There is some dispute in the record as to how this ditch was constructed and as to

its dimensions; but, in view of the fact that a verdict was directed at the close of the plaintiff's proof for the defendant, in the consideration of the questions involved in this appeal it will be necessary to consider the evidence in the light most favorable to the plaintiff's theory. We find that there is evidence which tended to prove that this ditch was from 12 to 15 inches in depth and about a foot in width, with perpendicular, abrupt sides, and extended directly across the crosswalk at a point about 2 or 3 feet from the edge of the sidewalk. These ditches were usually dug to permit the water to run into the sewer, and to drain the water off the sidewalk in anticipation of the thaw which would come later.

It snowed on the afternoon and evening prior to the day of the accident, and as a result this ditch became filled with light, soft snow. The plaintiff, who resided in another part of the county, and who had no knowledge of the existence of the ditch, arrived in Ironwood on the day previous to her injury, and upon the following morning, about 9:30 o'clock, while passing over the crosswalk, stepped into the ditch, the presence of which was entirely concealed by the light, soft snow, causing her to fall, with resulting injuries.

It is the contention of counsel for the plaintiff and appellant that the court erred in directing a verdict in favor of the defendant, for the following reasons, set forth in his brief:

(1) That the proximate cause of the injury was the dangerous condition in the street and crosswalk, resulting from the ditch constructed by defendant, into which the plaintiff stepped and was injured.

(2) That the fact that the ditch was concealed by a natural fall of snow which prevented plaintiff from discovering and avoiding it, in no way relieved the defendant from the result of its negligence in constructing the ditch, or permitting it to remain uncovered and unguarded, particularly in view of the fact that the

defendant admittedly knew and expected at the time that the ditch was dug that it would become filled and concealed by soft, light snow.

(3) That the ditch being.constructed in such a manner and at such a time and place as to make it particularly dangerous, imposed upon the defendant the duty to cover, guard, or otherwise protect it.

(4) That the testimony on behalf of plaintiff at least raised a question for the jury as to whether or not the action of the city in constructing this ditch and allowing it to remain uncovered, unguarded, or otherwise protected, knowing and expecting that it would become filled and concealed by soft, light snow, left the crosswalk in a condition reasonably safe and fit for travel, and whether such unsafe condition of the crosswalk was the proximate cause of the injury.

The learned trial judge was of the opinion that the proximate cause of the accident was the natural accumulation of snow caused by the snowstorm, which had just ceased at the time the accident took place and had hidden the ditch; and that there was no evidence that the accident would ever have happened merely from the digging of the ditch. The question here involved is: Was the circuit judge right in holding that it can be said under these facts that the fall of snow was the proximate cause of the accident? If it can be so considered, he was fully justified in directing the verdict as he did.

The problem of determining the proximate cause, under the rules laid down by the various decisions, is indeed at times perplexing, and in the case of *Stoll* v. *Laubengayer*, 174 Mich 701 (140 N. W. 532), Mr. Justice BROOKE, in reviewing this subject, said:

"The definition favored by the compilers of 21 Am. & Eng. Enc. Law (2d Ed.), p. 485, is:

" 'A proximate cause, in the law of negligence, is such a cause as operates to produce particular consequences without the intervention of any independent unforeseen cause without which the injuries would not have occurred.' "

Can it be said that the snowstorm which filled the ditch was an independent unforeseen cause? That such falls of snow were anticipated is shown by the testimony of the street commissioner, who testified as follows:

"*Q.* Any ditch that you would dig, or the city of Ironwood would dig, for the purpose you have mentioned, or for any other purpose, along about that time of year, would in all probability become filled with snow, or a snowstorm might come and fill it up; might it not?

"*A.* Certainly.

"*Q.* You always had a crew of men on to go around and clean them out and open them up afterwards?

"*A.* Yes, sir.

"*Q.* You would expect that there would be light snow that would cover up those ditches?

"*A.* We always cleaned them out when it was possible. We always had men for that purpose. We would expect that there would be falls of snow that would cover up the ditches, and we would have to go and clean them out afterwards."

In the case of *Baker* v. *Railroad Co.*, 169 Mich. 609 (135 N. W. 937), this court said:

"To make such negligence the proximate cause of an injury, it must be the natural and probable consequence of the negligent act, which, under the circumstances, an ordinarily prudent person ought reasonably to have foreseen might probably occur as the result of his negligent act. Where an act is negligent, to render it the proximate cause, it is not necessary that the one committing it might have foreseen the particular consequence or injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been anticipated that some injury might occur."

Viewing the testimony as to the construction of the ditch in the light most favorable to the plaintiff's claim, and taking into consideration the weather conditions prevalent in that part of the State at the time

of year the accident occurred, we are of the opinion that the fall of snow was not such an independent, unforeseen cause which intervened between the claimed negligent act of the city in constructing the ditch as it did and the time of the injury, that it can be said to be the proximate cause of the accident; and that the city should have anticipated the possibility of the fall of snow and that some injury might therefore result from having the ditch unprotected and uncovered. *Detzur* v. *Brewing Co.*, 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500) ; *Burrell* v. *City of Greenville*, 133 Mich. 235 (94 N. W. 732). The street commissioner testified that he had instructed his men to always dig ditches in the gutter, as that is the place where people might expect to find a ditch, and that he would not consider a ditch with perpendicular sides a proper ditch to put across a sidewalk.

Being satisfied that it must be said that the construction of the ditch was the proximate cause of the accident, we are of the opinion that the question of whether the action of the city in constructing and maintaining the ditch uncovered and unguarded, in the condition disclosed by the record, left the crosswalk in a condition reasonably safe and fit for travel, should have been submitted to the jury.

We are therefore constrained to reverse the judgment of the court below and grant a new trial.

BROOKE, C. J., and PERSON, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.