### ORTON v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Sixth Circuit. July 3, 1925.)

No. 4232.

**1. Negligence** ⊜62(1) — **When intervening cause is "proximate cause" of injury stated.**

The general rule is that, if a new and independent force, acting in and of itself, intervenes, causing an injury, it will be regarded as the "proximate cause."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**2. Railroads** ⊜304 — **When obstruction of highway crossing permissible stated.**

Under the law of Ohio, a railroad company has the right to occupy a highway crossing for its legitimate purposes, and while so occupying it at night is not required to maintain lights on its cars.

**3. Railroads** ⊜335(5)—**Negligence of automobile driver held proximate cause of collision with cars on crossing.**

Plaintiff was injured by collision of an automobile, in which he was riding as a passenger at night, with cars of defendant railway company, standing upon a highway crossing. The road was straight, the night was dark but not rainy or foggy and the lights of the automobile were burning brightly. Act Ohio May 14, 1921 (109 Ohio Laws, p. 219), required automobiles to carry lights which would disclose substantial objects on the highway ahead for a distance of at least 200 feet, and the driver of a following car testified that he saw the standing cars when 165 feet away. Held that, assuming defendant's negligence in permitting the cars to stand upon the crossing, that was merely a condition, and that the proximate cause of the collision and injury was the negligence of the driver of the automobile.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Harry Orton against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Luther Day, of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, and M. R. Smith, of Conneaut, Ohio, on the brief), for plaintiff in error.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey and Thomas M. Kirby, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. This writ brings in review the ruling of the District Court of the Northern District of Ohio in directing a verdict for the defendant at the conclusion of the plaintiff's evidence, in an action wherein the plaintiff sought damages for an injury sustained by the driving of an automobile in which he was riding into some gondola cars of defendant standing across a public highway.

The collision occurred at a country crossing about 9 o'clock at night. Plaintiff was a guest of Inman, the owner of the car, who was driving it. It was a dark night, but not raining or foggy. Plaintiff testified that Inman had been driving 25 or 30 miles an hour; that "just before the accident I was sitting in the automobile, looking straight ahead," and "we got within 15 or 20 feet of the crossing and saw a train of cars across the highway. Before that I had not seen it. Before that I was looking straight ahead." He also said the road was straight for 500 yards before reaching the crossing; that "the lights were burning brightly on the automobile." B. F. Sharpe testified that he was in an automobile following the one driven by Inman, and was a half or three-quarters of a mile from the crossing when the accident occurred; that he had followed Inman's automobile for some distance, driving at about the same rate of speed, 18 or 20 miles an hour. There was a "little hollow" in the road before reaching the crossing, and as he came out of the hollow when about 165 feet from the crossing he saw the train and Inman's automobile in the road. There was some evidence tending to show that the cars had occupied the crossing 20 or 30 minutes.

There is a statute in Ohio (Gen. Code, § 7472) making it a misdemeanor for a railroad company unnecessarily to obstruct a public highway by permitting cars or locomotives to remain across it for more than 5 minutes. Another statute of the state (Act May 14, 1921 [109 Ohio Laws, p. 219]) provides "whenever there is not sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet, the forward lights which a motor vehicle, except commercial vehicles, as here-inafter provided, is required to display, shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet."

[1] If we assume that the obstruction was wrongful—amounting to a nuisance under the first-mentioned statute or in any event negligence, which is immaterial—the question is whether the collision followed as a natural and probable result that ought to have been anticipated or, as contended by defendant, an intervening negligent act was the sole proximate cause of it. The general rule is that if a new and independent force, acting in and of itself, intervenes, causing an injury, it will be regarded as the proximate cause. Insurance Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65; Goodlander Mill Co. v. Standard Oil Co., 63 F. 400, 11 C. C. A. 253, 27 L. R. A. 583; and authorities cited.

Giving to plaintiff every favorable inference to be drawn from the evidence, the conclusion that Inman was grossly negligent is unescapable. His testimony is not in the record, and it does not appear whether he was looking ahead as he approached the cars or when he saw them. But the headlights on his automobile were burning brightly, and it must be presumed that they complied with the statute and were of sufficient strength to disclose the cars across the track at a distance of 200 feet from them. The lights on Sharpe's car disclosed the train and Inman's automobile when 165 feet away. That Inman could have seen the cars in ample time to stop his automobile before striking them is not open to doubt under the proof. The effect of his conduct is not different from what it would be were it affirmatively shown that he was not maintaining a lookout ahead, or that he was driving the automobile without headlights. The road was straight, the headlights burning brightly, and the cars visible for at least 165 feet. His failure to discover them and stop is inexplicable save on the theory that he was grossly negligent in operating the automobile.

[2] On the other hand, defendant had the right to occupy the crossing for its legitimate purposes, and while so occupying it was not required to maintain lights on its cars. Evans v. Erie Railroad Co. (6 C. C. A.) 213 F. 129, 129 C. C. A. 375. There is nothing in the evidence to show that it was unnecessarily using it. But, if the stat-

ute may be said to limit the right of occupancy by necessity and for legitimate purposes to 5 minutes, it would nevertheless seem obvious that the additional use, even if negligent, was an incident and not a concurring proximate cause of the accident.

[3] The authorities cited by plaintiff as applicable to the disputed question of proximate cause were decided on the particular facts under consideration. They show circumstances extenuating the operator of the automobile as in Kendall v. Des Moines, 183 Iowa, 866, 167 N. W. 684, where the excavation was concealed by mist, and Prescott v. Hines, 114 S. C. 262, 103 S. E. 543, where the cars were obscured by fog or smoke. A case in point is Gilman v. Central Vermont Ry., 93 Vt. 340, 107 A. 122, 16 A. L. R. 1102, in which it was held that the action of a railroad in obstructing a crossing for an unlawful length of time, in violation of a statute, was merely a condition and not the proximate cause of an injury resulting from a collision with the cars. See, also, Gage v. Boston & Maine Railroad, 77 N. H. 289, 90 A. 855, L. R. A. 1915A, 363; Trask v. Boston & Maine Railroad, 219 Mass. 410, 106 N. E. 1022. These cases, we think, illustrate the distinction between actionable negligence and a fortuitous circumstance too remote to be regarded as a concurring proximate cause of an injury. That the collision would not have occurred had the cars not been permitted to remain across the highway is beside the question of causal connection. Lang v. Railroad, 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729; McCalmont v. Pennsylvania R. Co. (6 C. C. A.) 283 F. 736. The most that can be said for plaintiff is that defendant created a situation in which Inman's negligence operated to bring about the collision, which would have been true if the train had occupied the crossing only while passing over it. Defendant's act was merely a condition and in no sense a concurring proximate cause of the injury.

Judgment is affirmed.