**WABASH RY. CO. v. BEEZ.**

Circuit Court of Appeals, Sixth Circuit.
December 12, 1929.

No. 5229.

Gustavus Ohlinger, of Toledo, Ohio (Smith, Beckwith, Ohlinger & Froehlich, of Toledo, Ohio, on the brief), for appellant.

William F. Marsteller and Homer H. Marshmam, both of Cleveland, Ohio (Anderson & Lamb and D. F. Anderson, all of Youngstown, Ohio, on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM. The plaintiff below, here appellee, was inspecting freight in a loaded box car when another car was shunted upon the track for a distance of more than 300 feet, without any one riding upon it for purposes of control, and, while moving at an estimated speed of 15 miles per hour, struck the standing car, knocking it approximately 75 feet along the track and severely injuring the plaintiff by throwing him violently against the load. The principal defense relied upon below was that of assumption of risk. It is here insisted that a verdict should have been directed upon that ground and that the court also erred in submitting to the jury the question whether there was any breach of duty in failing to warn the plaintiff.

It is quite apparent, we think, that while the plaintiff should be held to assume the risk of injury from all normal jolts or jars ordinarily incident to his employment, and therefore to be anticipated by him, he does not assume the risk of injury from the negligence of his employer of which he has had no notice or warning and which is not so obvious that he must be charged with notice and appreciation of it. Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 102, 34 S. Ct. 229, 58 L. Ed. 521. Here the car in which the plaintiff was working was struck with unusual force and violence. The risk of injury from

such a blow was not assumed in the absence of such warning or notice, at least that cars were about to be shunted upon the track, as would support a reasonable inference by plaintiff that similar blows might be expected as probable. The matter of warning or notice thus became directly pertinent to the question of assumption of risk and the error, if any, in submitting this question to the jury must be treated as not prejudicial.

It is also insisted that the plaintiff did not plead the unusually severe nature of the contact as one of the specific acts of negligence and that the court therefore erred in permitting the jury to consider the blow as other than one naturally incident to the employment. The petition does allege, however, that the defendant negligently caused another car to be "kicked" against the car in which the plaintiff was at work "with too great force." This is probably sufficient, but, if not, it is at least doubtful whether conforming the charge to the proofs, rather than strictly limiting such charge to the pleadings, can be considered prejudicial error in Ohio, especially in view of the latitude of amendment permitted, before or after judgment, by section 11363 of the Ohio General Code; and no reversal should be predicated thereon in the absence of action specifically calling the alleged variance to the attention of the court.

We have also carefully considered the assignments of error based upon the admission of testimony and upon overruling the motion to quash service of summons, and find them to be without merit. Finding no prejudicial error in the record, the judgment of the District Court is affirmed.