## BALTIMORE & O. R. CO. v. McBRIDE.

Circuit Court of Appeals, Sixth Circuit. January 13, 1930.

No. 5252.

U. C. De Ford, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellant.

John Ruffalo, of Youngstown, Ohio, for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. The question presented has a dual aspect, that of the admissibility of evidence of incidental. fright when such fright was not specifically pleaded other than as nervous shock arising from physical injury; and that of proximate cause or whether recovery may be had for injury to the nervous system from fright occurring subsequent to the actual negligence of defendant and arising from the situation in which the plaintiff found himself immediately after and as a result of the accident. Liability was conceded. The plaintiff was an engineer upon one of the defendant's trains, and while he was so engaged a plug blew out of the engine boiler, badly scalding him and compelling him to jump from the cab. He landed between the rails of an adjacent track, suffering multiple injuries including a fracture of the left leg; and, as he lay thus incapacitated, was further shocked and terrified by the approach of a train upon the track upon which he lay. This terror was increased by the calls of others to "stop 67," meaning to him a certain through train, and the engine was in fact stopped but a few feet away.

During the opening statement to the jury, counsel for defendant first took exception to the position of plaintiff's counsel that the fright caused by the approaching train had contributed to augment the damages. Later the defendant objected and excepted to the testimony of medical experts that such a situation would materially increase the nervous shock. But at none of these times did defendant claim surprise, urge a variance as such, or ask for a continuance. The sole grounds of objection then urged were that there was no causal connection shown between the blowing out of the plug and the subsequent fright or nervous shock, that no recovery could be had for unforeseen and unforeseeable results such as this was claimed to be; and that, being thus disconnected, this element of damage called for application of the doctrine that no recovery could be had for nervous shock unaccompanied by physical injury. Under these circumstances the defendant must be held to have waived the objection that this particular element of damage was insufficiently pleaded. Cf. Wabash Ry. Co. v. Beez (C. C. A. 6) 36 F.(2d) 480, decided December 12, 1929.

Turning then to the question of proximate cause, we are of the opinion that the

true rule does not require that the defendant must have been able to foresee the precise injuries which did in fact result, but only that results of a generally injurious nature might reasonably have been anticipated from the negligent act or omission. Given this foundation, the question is: "Was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?" Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256. The intervention of such independent and efficient cause would, of course, break the chain of causal connection, but in its absence the primary cause must be considered as continuing in effect to the end.

■ Again, in all statements of the doctrine of foreseeable results the courts have been careful to require only that the injuries be such as might have been foreseen as probable "under or in the light of all the attending circumstances." Here such attending circumstances included the plaintiff falling upon the adjacent track, his helpless condition because of his broken leg, the approaching train, the cries of others to "stop 67," the knowledge of the plaintiff that this train did not ordinarily stop there, and his resulting fear of impending death. Viewed in the light of these circumstances severe nervous shock seems not only prospectively probable as a result of defendant's negligence, but rather as certain to follow. There was no intervening efficient cause. There was no break in the chain of causal connection. The final result in a very true sense was foreseeable. Analogous conclusions were reached in Denver & R. G. R. Co. v. Roller, 100 F. 738, 49 L. R. A. 77 (C. C. A. 9); Illinois Cent. R. Co. v. Nelson, 212 F. 69 (C. C. A. 8); and Pennsylvania Co. v. White, 242 F. 437 (C. C. A. 6). Compare, also, Lowe v. Metropolitan St. Ry. Co., 145 Mo. App. 248, 130 S. W. 119.

■ Nor was there any ground for application of the doctrine that damage from nervous shock unattended by physical injury is considered too remote to support recovery. Cf. Miller v. R. R. Co., 78 Ohio St. 309, 85 N. E. 499, 18 L. R. A. (N. S.) 949, 125 Am. St. Rep. 699. Where both the physical injury and the nervous shock are proximately caused by the same act of negligence, there is no necessity that the shock result exclusively from the physical injury. Each forms a part of the natural and indivisible result, and the fact that the plaintiff has suffered physical injury as part of the aggregate of the attending results precludes assertion of the defense that the connection between the negligent cause and the resulting nervous shock is too remote for legal contemplation.

The judgment of the District Court is affirmed.