## BOBANGO v. ERIE R. CO.

### No. 5860.

Circuit Court of Appeals, Sixth Circuit.

March 18, 1932.

S. T. Gaines, of Cleveland, Ohio (Borden & Gaines, of Cleveland, Ohio, on the brief), for appellant.

E. A. Foote, of Cleveland, Ohio (McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

MOORMAN, Circuit Judge.

This suit was brought under the Federal Employers' Liability Act (45 USCA §§ 51–59) to recover damages for personal injuries. At the close of the evidence on the trial below, the District Court, upon motion, directed a verdict for the defendant. Plaintiff appeals.

On the day of the injury, plaintiff was a member of a surveying crew employed by defendant. Part of the equipment of the crew was a level rod of wood six or seven feet long. On one end of it was fastened a metal target about five or six inches in diameter and one-eighth of an inch thick. The plaintiff testified that this rod was left by a member of the crew upon the railroad track with the target resting on one of the rails, and that he discovered its location when a train was approaching about two or three rail lengths away, and in attempting to remove it was struck by the locomotive and injured.

▮ It is not claimed that the train crew was at fault. The contention is that the employee who left the rod on the track was negligent, and that whether his negligence was the proximate cause of the injury was a question for the jury. The lower court took the view that the injury was caused solely by the plaintiff's own act. We agree with that conclusion, and we find nothing contra in Baltimore & O. R. Co. v. McBride, 36 F.(2d) 841 (6 C. C. A.). While the rule of proximate cause does not require an anticipation of the pre-

cise injuries received, it is generally held that before there can be a finding of such cause it must be made to appear that the injury was a natural and direct consequence of the negligent act or, as sometimes stated, a consequence that ought to have been foreseen in the light of all the attending circumstances. Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Toledo, etc., R. Co. v. Kountz (C. C. A.) 168 F. 832, 838. This court and others have frequently declared that certain acts, negligent in their character, were not the proximate cause of injuries sued for. Gwyn v. Cincinnati, N. O. & T. P. R. Co., 155 F. 88 (6 C. C. A.); Winters v. Baltimore & O. R. Co., 177 F. 44 (6 C. C. A.); Orton v. Pennsylvania R. Co., 7 F.(2d) 36 (6 C. C. A.). The case at bar is closely analogous to the last-mentioned case, where the plaintiff drove his automobile into a train standing on a highway crossing. The court held that the negligent act of the defendant in permitting the cars to stand on the crossing was not the proximate cause of the injury, as it could not reasonably be expected that one with ample time to stop would drive into a train.

The circumstances in which plaintiff was injured were somewhat unusual, and, although it ought to have been foreseen that if the rod were left on the track it would be struck by a train, we are convinced that it could not reasonably have been expected that plaintiff, in the situation in which he found himself, would undertake to remove it. The plaintiff saw the train approaching and knew how rapidly it was moving. He was not in a position of danger, and was not called upon to make a choice of a way of escape. In our view his own act was an intervening and the sole cause of his injury. Gt. Northern Ry. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; Frese v. C., B. & Q. R. R., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131. We cannot agree that his intervention was justified under the danger invites rescue doctrine. Erie R. R. Co. v. Caldwell, 264 F. 947 (6 C. C. A.), does not so indicate. In that case Caldwell, the employee, was a member of a train crew engaged in switching a train of cars. The train separated, and the detached part started slowly down the track. Caldwell boarded it, as it was his duty to do, to set the brakes and prevent it from colliding with other cars on the track. The act of Caldwell in boarding the cars was plainly not imminently dangerous. In the present case there was no reason for plaintiff to believe that the train would be derailed or that if it struck the rod he would be injured. Indeed, it was shown by the defendant's evidence that the rod was not struck by the train at all, but was found after the injury where it had been left—not on, but near, the track. Even, however, if it was on the track and might have been struck, the danger of undertaking to remove it was too apparent to justify the attempt.

The judgment is affirmed.