**JOHNSON et al. v. KOSMOS PORTLAND CEMENT CO.**

**SAUER et al. v. SAME.**

**Nos. 6079, 6080.**

Circuit Court of Appeals, Sixth Circuit.

March 17, 1933.

194

MOORMAN, Circuit Judge, dissenting.

Harris W. Coleman, of Louisville, Ky. (Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the brief), for appellants.

Louis Seelbach, of Louisville, Ky. (George W. Norton, Jr., and Crawford, Middleton, Milner & Seelbach, all of Louisville, Ky., on the brief), for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

On August 3, 1929, a 750-ton combination oil and rock barge belonging to the cement company was tied to a dock on the Ohio river near Kosmosdale, Ky., during a thunder storm. An explosion occurred, killing every one on board, including Wilberding, for whose estate appellant Johnson is administrator, and Sauer, for whose estate appellant Rose Sauer, his widow, is executrix. Appellants Johnson and Sauer seek to recover under the Kentucky death statute, section 6, Ky. St. 1930, which provides for the survival to personal representatives of the deceased of causes of action for wrongful death. The suits are by libels in personam brought·in admiralty, in reliance upon the rule that, where a state statute allows an action for wrongful death, it will be read into and allowed to supplement the general admiralty law. Appellant Kleinsteuber joins as libelant, and seeks to recover compensation paid by him as an employer of the deceased under the Longshoremen's and Harbor Workers' Compensation Act § 33, title 33, § 933, U. S. C. (33 USCA § 933), which provides that payment of compensation shall operate as an assignment to the employer of all rights to recover damages against third persons. The Travelers Insurance Company, appellant, was the insurer of Kleinsteuber.

The respondent cement company had engaged Kleinsteuber, doing business as the Kleinsteuber Boiler Works, to make some alterations on the barge. Sauer and Wilberding were in the employ of Kleinsteuber, and were performing such work as was assigned to them by the cement company under instructions of its vice president and general manager. The libels allege that the explosion was caused by the negligence of the respondent in failing to use reasonable care to provide the deceased with a safe place in which to work, in that respondent, after having used the barge for oil, failed properly to clean out its hold so as to prevent the generation of gases. The record discloses certain accepted methods for removal of gases under such circumstances. They are, first, to scrape the sides of the tank and remove all oil possible, then to exclude the gases by filling the hold with water or steam. None of these things was done.

The court below found that the respondent had failed to use reasonable care in such respect, and that explosion of the gases caused the death of the decedents. The respondent took no exception to such findings, and does not appeal. The court further found that the gases which had accumulated in the barge were not set off and exploded by the acetylene torch referred to· in the evidence but by a lightning bolt which struck the barge, and that the striking of the barge by lightning, and the explosion of the gases therein as a result thereof, was not such a natural and probable consequence of leaving the gases in the barge as should have reasonably been anticipated by the respondent at the time it permitted decedents to begin work on the barge, and that libelants could not recover. The latter findings were excepted to by the libelants, and form the bases of these appeals.

The question therefore presented, upon which decision must rest, is whether the negligence of the respondent was a proximate cause of the death of Wilberding and Sauer.

 It is the rule in this and other circuits that while an appeal in admiralty is a trial de novo, the findings of the District Court will be accepted unless clearly against the preponderance of evidence. The William A. Paine, 39 F.(2d) 586 (C. C. A. 6); The Perseus, 272 F. 633 (C. C. A. 6); Drowne v. G. L. Transit Corporation, 5 F.(2d) 58 (C. C. A. 2); Shepard v. Reed, 26 F.(2d) 19 (C. C. A. 6). It is urged upon us that the finding below upon the question of causation is a finding of fact, and should not be disturbed

if supported by substantial evidence. We do not recognize it as such. The finding that the explosion was the result of the lightning is undoubtedly one of fact; but the question of liability is a mixed question of law and fact. While the proximate cause of an injury is said ordinarily to be a question for the jury, Milwaukee, etc., Railway v. Kellogg, 94 U. S. 469, 474, 24 L. Ed. 256, this must be upon the assumption that the jury will apply the applicable law of proximate cause given it by the court, the correctness of which, upon exceptions reserved, can be examined and tested upon review. Where, as here, the finding is of an ultimate fact, and the law applied reposes in the mind of the court, it must be clear that the finding is at least a mixed finding of law and fact, as to which no presumption of correctness obtains.

■ In respect to proximate cause, the United States Supreme Court, in Milwaukee, etc., Railway v. Kellogg, supra, page 475 of 94 U. S., said: "The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held, that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." And again, "But when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and *self-operating* which produced the injury."

Tested by these rules, we cannot fail to recognize the unbroken connection between the alleged wrongful act and the injury. The wrongful act or omission consisted in permitting the gases to remain in the barge. It was the explosion of the gases which produced the injuries. We escape here the usual difficulty which is inherent whenever a succession of events is relied upon, and where the problem is to determine whether they are so linked and continuous as to form an unbroken chain of causation. But difficulty remains. The primary cause, negligence, was not self-operating. Had there been no lightning, conceivably there would have been no explosion. Was the secondary cause, the lightning, the sole proximate cause of the disaster? Certainly the lightning was not in any sense dependent upon the original wrong, nor a force put in motion by it, or in response to its stimulus. But while disconnected from the primary cause, it likewise was not self-operating. Had there been no accumulation of gases, whatever might have been the result of the lightning, the explosion would not have occurred. We have here, then, no intermediate or intervening efficient cause operating between the wrong and the injury, and so destroying the causal relation of the former to the latter, but rather two concurring causes, neither self-operating, yet together efficient in bringing about the catastrophe here described.

■ But the fact that injury is the natural consequence of negligence is not enough; it must also be its foreseeable consequence. There is no actionable liability for an alleged negligent act, unless injury resulting therefrom could reasonably have been foreseen in the light of the attending circumstances. Indeed it may be said that, in the absence of wanton wrong or failure to conform to some arbitrary or absolute standard of care, "foreseeability" is a necessary test of the existence of negligence, and, if no injury can reasonably be expected to result, there is no negligence.[1] We need carry this inquiry no further than to note, for its bearing upon subsequent discussion, that danger in permitting explosive gases to remain in the barge was obvious to the court below, and that in a sense, at least, reasonable expectation of injury was implied in its finding of negligence.

■■ Reasonable apprehension of the danger of injury constituting the criterion of liability, whether the question be one of negligence or causation, is it a prerequisite to liability that the respondent should have foreseen the precise manner in which the injurious result was brought about, or is it sufficient to impose liability upon it if a generally injurious result should have been foreseen as reasonably probable in the light of the attending circumstances? If the former, it is argued that the ignition of explosive gases in the hold of a barge by lightning is so extraordinary, and so unprecedented an event, as not to be reasonably anticipated as a probable consequence of the alleged wrong-

---

[1] See Pittsburgh S. S. Co. v. Palo (C. C. A.) 64 F.(2d) 198, and Smith v. Lampe (C. C. A.) 64 F.(2d) 201, decided at this session.

ful act or omission. Even were the rule relied upon the true rule, we are not certain of the soundness of this conclusion. The manifestations and effect of natural forces and conditions are to be taken into account in regarding the probable consequences of a negligent act, including the force and direction of the wind (Milwaukee Railway v. Kellogg, supra), wind and tide (The Santa Rita, 176 F. 890, 30 L. R. A. (N. S.) 1210 [C. C. A. 9]), drought (Anderson v. M., St. P. & S. S. Ry., 146 Minn. 430, 179 N. W. 45), lightning (Brown v. West Riverside Coal Co., 143 Iowa, 662, 120 N. W. 732, 28 L. R. A. (N. S.) 1260), flood (Vyse v. C., B. & I. Ry. Co., 126 Iowa, 90, 101 N. W. 736), snowfall (Morrison v. City of Ironwood, 189 Mich. 117, 155 N. W. 477). Lightning is, at least at the time and place here involved, no extraordinary manifestation of natural force.[2] Lightning strikes, and injury results. This is within our ordinary experience and observation. We take many precautions to avoid its injurious effect, insure and are insured against it.

 Nor is reasonable expectation of injurious consequences to be determined by the fact that no similar injurious result has been known to follow a like wrongful act under identical attending circumstances. If this were so, peculiar circumstances could be discovered in almost every accident, and relied upon to defeat liability. It is not conclusive that oil barges in the Ohio river have not heretofore been exploded by lightning. There is no record of the number of oil barges in use, and the danger inherent in the situation lay not in a hold full of oil, but in an empty or partly empty hold from which gases had not been removed. See McGill v. Mich. S. S. Co., 144 F. 788 (C. C. A. 9). There can be no assumption that a substantial number of empty barges containing explosive gases have been exposed to thunderstorms in the face of evidence disclosing a generally approved practice for removing gases. It needs no illustration to demonstrate that danger may be present although injury has not yet occurred. Finally, to give validity to such contention would lead to the anomalous result noted in Texas & P. Ry. Co. v. Carlin, 111 F. 777, 781, 60 L. R. A. 462 (C. C. A. 5), "That for the first, and perhaps the second, injury occurring in such manner there could be no re-

covery; but for the third, or when the circumstances ceased to be peculiar or became familiar, the defendant would be liable."

We think, however, that the doctrine of foreseeable results calls for no such narrow test to be applied to anticipation of injury as the one above discussed. We think the true rule to be that when the thing done produces immediate danger of injury, and is a substantial factor in bringing it about, it is not necessary that the author of it should have had in mind the particular means by which the potential force he has created might be vitalized into injury. Memphis Consolidated Gas & Electric Co. v. Creighton, 183 F. 552 (C. C. A. 6); Doyle v. Chicago, St. P. & K. Ry. Co., 77 Iowa, 607, 42 N. W. 555, 4 L. R. A. 420; Texas & Pacific Ry. Co. v. Carlin, supra, affirmed 189 U. S. 354, 23 S. Ct. 585, 47 L. Ed. 849; B. & O. v. McBride, 36 F. (2d) 841 (C. C. A. 6); Morrison v. City of Ironwood, supra; Detzur v. Stroh Brewing Co., 119 Mich. 282, 77 N. W. 948, 44 L. R. A. 500.[3] The American Law Institute's Restatement of Torts puts it this way, "If the actor's conduct is a substantial factor in bringing about the other's injury, the fact that the actor neither foresaw nor should have foreseen the extent of the injury or the manner in which it occurred, does not prevent him from being liable." Section 310, Tentative Draft No. 8, April 2, 1932. See, also, Shearman & Redfield on Negligence, § 39.

If we are right in our understanding of the true doctrine, its application to the facts of the present case compels reversal. The fault of the respondent consisted in its failure to remove gases from the barge. Their

---

[2] The operation of natural forces do not constitute such (intervening) agency, unless of such exceptional violence, so extraordinary, that human prudence would not have foreseen or provided against them. Bohlen Studies in the Law of Torts 29, Haverly v. R. R., 135 Pa. 50, 19 A. 1013, 20 Am. St. Rep. 848.

[3] "The harm which was foreseeable, and the specific harm which actually resulted, need not be absolutely identical. * * * If there is a substantial likelihood that certain conduct when pursued will result in some appreciable harm to the plaintiff's person, then the defendant if he so conducts, cannot escape liability on the ground that he could not foresee the precise manner in which the harm would occur, nor the exact nature of the harm, nor the full extent of the harm." Jeremiah Smith, 25 Harvard Law Rev. 238.

"The particular consequences of negligence are almost invariably surprises." Watson, Damages for Personal Injuries, 148.

"It is the unexpected rather than the expected that happens in the great majority of the cases of negligence." Stevens v. Dudley, 56 Vt. 158.

"It is not necessary that injury in the precise form in which it in fact resulted should have been foreseen." Hill v. Winsor, 118 Mass. 251.

"The law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen." Christianson v. Chicago, St. P., M. & O. Ry., 67 Minn. 96, 69 N. W. 640, 641.

explosiveness presented continuous menace to the men working thereon. Any one of a number of expectable circumstances might have brought about the precise injury which resulted; a lighted match, the flame of the acetylene torch, a heated rivet, a spark produced by friction of a tool or boot, and so on. The danger of the injurious result was ever present, even though the manner in which, or the means by which, such result was brought about may have had in it some aspect of unusualness.

This case does not fall within that class of cases where negligence or the failure to comply with some statutory duty is not a substantial factor in bringing about the injury, but merely creates an incidental condition or situation in which the accident otherwise caused results in such injury. Louisville & N. Railroad v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931; Minneapolis & St. L. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995; Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284; Reetz v. Chicago & E. R. Co., 46 F.(2d) 50 (C. C. A. 6); Teis v. Smuggler Mining Co., 158 F. 260, 15 L. R. A. (N. S.) 893 (C. C. A. 8). Neither is it within those classes where negligence is not recognized in acts from the commission of which no generally injurious results can reasonably be foreseen. Northern Ry. Co. v. Page, 274 U. S. 65, 47 S. Ct. 491, 71 L. Ed. 929; Bobango v. Erie R. Co., 57 F.(2d) 667 (C. C. A. 6); nor where a secondary efficient cause intervenes to break the chain of causation and so becomes the sole proximate cause of the injury. Gt. Northern Ry. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; Gwyn v. Cincinnati, N. O. & T. P. R. Co., 155 F. 88 (C. C. A. 6); Winters v. Baltimore & Ohio R. Co., 177 F. 44 (C. C. A. 6); Orton v. Penn. R. Co., 7 F.(2d) 36 (C. C. A. 6); Pere Marquette Railway Co. v. Haskins, 62 F.(2d) 806 (C. C. A. 6).

There was no assumption of risk. While there is evidence that the men had taken some precautions in the use of the acetylene torch, they were precautions against fire and not explosion. There is nothing in the record to charge them with knowledge that the explosive gases had not been removed from the hold. In the light of evidence of standard practice in that respect, it must be presumed that the men relied upon the usual and customary precautions having been taken to provide them with a safe place in which to work. They were not members of the crew, to whom the task of cleaning the barge would presumably have been assigned. The argument advanced in support of the contention that the risk was assumed but emphasizes the correctness of our conclusion that injury should have been foreseen.

The decrees below are set aside. The causes are remanded for further proceedings consistent herewith, including findings of damages, and decrees in favor of libelants.

MOORMAN, Circuit Judge (dissenting).

In my opinion the application of the correct rule of proximate result to this case requires an affirmance. Had the gas exploded spontaneously, there would be an unbroken chain between the negligence and the injury. Had it attracted the lightning, the chain of causation would still be complete. In either case the explosion would be the direct or, as sometimes said, the natural consequence of the defendant's negligence, and thus the proximate result. But the factual case is different. The gas was inactive or dormant, and a new outside force intervened and caused the explosion. This seems to me to make the defendant's negligence remote unless it created a situation where there was foreseeable danger of the intervention of the new force. Beale, The Proximate Consequences of an Act, 33 Harvard Law Review 632. I think the danger was not foreseeable. Thunderstorms, it is true, do come, lightning does strike, and men do take out insurance against these risks. So do men run trains into open switches (Pere Marquette Ry. Co. v. Haskins, 62 F.(2d) 806 (6 C. C. A.) and automobiles into railway cars standing on highways (Orton v. Pennsylvania R. Co., 7 F.(2d) 36 (6 C. C. A.). Many things happen that reasonable foresight cannot anticipate; and so it is that a foreseeable thing is not that which has happened or may happen again but which "could reasonably have been foreseen in the light of all the attending circumstances." I think a stroke of lightning is beyond the scope of this expectation.