## THE P. R. R. NO. 32.

## THE MARGARET L. MESECK.

District Court, E. D. New York. November 25, 1925.

**1. Collision ⟨⟩117—Disobedience of custom cannot be claimed as proximate cause of collision, where further affirmative careless act was alleged.**

Disobedience by tow of alleged custom of tow to remain in draw of bridge until tow coming from opposite direction has come up cannot be claimed to be proximate cause of collision, where it is also claimed that subsequent to such disobedience an affirmative careless act took place by helper tug, which was sufficient producing cause for collision.

**2. Collision ⟨⟩95(2)—Tug coming fast with tide, failing to slow down and to keep tow straight, held at fault for collision of tow with passing tow.**

Towing tug, coming fast and with the tide, *held* liable for collision of its tow with that of a passing tow, where it was careless in not keeping its tow straight and failed to slow down.

Decree affirmed, 23 F.(2d) 882.

Thomas F. Twyford, of New York City, for libelant.

Burlinham, Veeder, Masten & Fearey, of New York City, for P. R. R. No. 32.

Macklin, Brown & Van Wyck, of New York City, for the Meseck.

INCH, District Judge. The libelant is the owner of the Wayne barge No. 9, that

was injured on August 3, 1923, in a collision between the tow of the tug Meseck, of which it was a part, and the tow of the P. R. R. No. 32. It was conceded, at least for all practical purposes, that the libelant was blameless and should recover from either one or both of the respondents. The contest was over this issue of which of the tugs was negligent.

The case presents a close question of fact. The libelant sued both the P. R. R. No. 32 and the Meseck. In substance it appears that about 2 o'clock in the morning of August 3, 1923, the night clear, no wind, but dark, the P. R. R. No. 32 came down towards the south, through the east draw of the B. & O. bridge, in the Kill Von Kull. This bridge extends from Staten Island to New Jersey, and is a railroad bridge, running east and west, with two draws; one, the east draw; the other, the west draw. The center of the bridge has a stone pier, exhibiting on the end of which, at the time, was a red light.

After the P. R. R. No. 32 passed through and had reached about 100 feet beyond the bridge, headed south, and her tow of barges, in tiers, with a helper tug Britten, on the port side of the tow, and the rear of the tow was still passing through the draw, a one-blast whistle was blown; this was answered from down the stream, by a two-blast whistle. This two-blast whistle came from the tug Meseck, which was coming up, towards the north, along the Jersey side, intending to pass through the west draw. The Meseck had two barges in tow, tandem fashion, on a hawser. They were Wayne barge No. 1, followed by the Wayne barge No. 9. It was the latter that was damaged.

There is some dispute about these signals, whether or not the two blasts of the Meseck was accepted. However, I find they were. It appears that accordingly these two tugs proceeded on their respective courses, until about 1,000 feet below the bridge. About here the last tier of the P. R. R. No. 32 and the Wayne No. 9 came into collision.

The P. R. R. No. 32 claims that the captain of the Meseck ran his tow into the rear of the tow of the P. R. R. No. 32. The Meseck claims that the helper tug of the P. R. R. No. 32, carelessly and in an endeavor to avoid a sand pump that was on the Staten Island side, a short distance ahead, pushed the end of the P. R. R. No. 32 tow over, so as to cause it to collide with the Meseck's tow; that the Meseck was as far over as it could go towards the Jersey side, and her tow was straight.

23 F.(2d)—56

As is quite often the case, witnesses of the parties testified with respective loyalty; each putting the blame on the other side. It is a known fact that this particular place is a rather dangerous one for navigation. There is also testimony that there is a custom at this bridge that a tug and tow coming down, against the tide, should slow down, and wait for a tug and tow coming, as the Meseck was, up and with the tide.

However this may be, the accident happened quite close to the bridge, and there is evidence that the P. R. R. No. 32 tow, which was in the neighborhood of 500 feet long, side-swiped the side of the draw in going through. It was going slowly.

A witness for the Meseck claims he knew that the tail of the P. R. R. No. 32 swung in, by reason that he saw both lights of the helper tug, and shortly afterwards the said red light, on the center of the bridge was obscured by the tow of the tug of the P. R. R. No. 32. Witnesses for the P. R. R. No. 32 deny any such maneuver, and account for the collision by saying that the Meseck, after giving her two-blast signal, pointed somewhat towards the Jersey shore, thus swinging her tow, somewhat towards the approaching P. R. R. No. 32 tow, sufficiently to cause the collision between the rear of the two tows.

Certain witnesses claim the collision was somewhat towards the middle of the P. R. R. No. 32 tow, and not at its tail. I find the Meseck was coming fast and with the tide.

The Meseck claims two distinct acts of negligence on the part of the P. R. R. No. 32: First that there was this custom, under the circumstances here, which compelled the P. R. R. No. 32 to remain in the draw, until the Meseck had come up; second, that the helper tug of the P. R. R. No. 32, after the tow had come through, carelessly pushed the tail of the tow towards the Meseck and her tow.

This would be, it seems to me, stating two entirely different proximate causes. "The general rule is that if a new and independent force, acting in and of itself, intervenes, causing an injury, it will be regarded as the proximate cause." Orton v. P. R. Co. (C. C. A.) 7 F.(2d) 36.

[1] Accordingly, if there was such a custom, and disobedience of it caused the collision, such claim cannot be the proximate cause, where it is also claimed that, subsequent to such disobedience of custom, an affirmative careless act took place by the helper tug, which was a sufficient producing cause for the collision.

[2] In my opinion, after carefully considering all the evidence, I do not think there is sufficient proof of any such custom. Yet, assuming that there was, it is plain that the captain of the Meseck did not rely on any such custom, but relied on the ordinary navigation. I also believe that there was insufficient proof to show that the captain of the helper tug or the P. R. R. No. 32 did or omitted to do anything on which negligence can be based. This collision occurred because of the carelessness of the Meseck in not keeping its tow straight. It should have slowed down at such a place. Its giving of a two-blast signal and maneuver to fulfill it swung its tow out.

I do not believe that the helper tug pushed the tail of the tow of the P. R. R. No. 32 towards the Meseck. It seems to me more probable that, if the P. R. R. No. 32 had navigated in the way claimed, the tendency would not have been to whip the tow towards the Meseck, but rather from her.

Accordingly I direct a decree for libelant against the Meseck, and dismiss the libel as to the P. R. R. No. 32.